Staci Jennifer Riordan, SBN 232659
Neal J. Gauger, SBN 293161
**NIXON PEABODY LLP**
555 W. Fifth Street, 46th Floor
Los Angeles, CA 90013-1010
Telephone: 213.629.6000
Facsimile: 213.629.6001
sriordan@nixonpeabody.com
ngauger@nixonpeabody.com

Attorneys for Defendant
THE WET SEAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>THE WET SEAL, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>              Defendants. | Case No.: 2:14-cv-07163-BRO-SH<br><br>Hon. Beverly Reid O'Connell<br><br>**DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed Concurrently with Request for Judicial Notice; Declaration of Staci Jennifer Riordan; and [Proposed] Order]<br><br>Date:           Feb. 9, 2015<br>Time:          1:30 p.m.<br>Ctrm.:         14<br><br>Complaint Filed:        Sept. 12, 2014<br>Discovery Cutoff:      None<br>Trial Date:               None |

Table of Contents

Page

I.      INTRODUCTION ........................................................................3

II.     STATEMENT OF FACTS ..........................................................4

III.    STANDARD OF REVIEW ON A MOTION TO DISMISS ..............5

IV.     THE COURT MAY TAKE JUDICIAL NOTICE IN
        CONNECTION WITH A MOTION TO DISMISS ............................6

V.      THE COMPLAINT FAILS TO STATE A CLAIM FOR
        COPYRIGHT INFRINGEMENT AND MUST BE DISMISSED
        WITH PREJUDICE ....................................................................6

        A.      Plaintiff Must Plead Ownership of a Valid Copyright, And
                It Has Failed To Do So ....................................................6

        B.      Plaintiff Must Plead Access, And It Has Failed To Do So.........7

                1.      Plaintiff Has Not Pled Facts Demonstrating Direct
                        Access ................................................................8

                2.      Plaintiff Has Not Pled Access By A "Chain of
                        Events".................................................................8

                3.      Plaintiff Has Not Pled Access By "Widespread
                        Dissemination" .....................................................8

        C.      Plaintiff Must Plead Substantial Similarity, And It Has
                Failed................................................................................10

VI.     AS A MATTER OF LAW, THE FLOWER PATTERN AND
        THE GARMENT ARE NOT SUBSTANTIALLY SIMILAR..........11

        A.      The Unprotected Elements Of The Flower Pattern Must Be
                Filtered Out Before It Is Compared With The Garment...........12

                1.      The Flower Pattern Is Substantially Similar To
                        Flower Designs Found In The Public Domain...............12

                2.      The Flower Pattern Is Not Sufficiently Original And
                        Therefore Is Not Copyrightable.....................................13

                3.      This Court Has Previously Extended The "Natural
                        Depiction" Doctrine To Artistic Depictions Of
                        Flowers ................................................................14

        B.      To The Extent Plaintiff Has A Copyright In The Flower
                Pattern, It Is A "Thin Copyright" As A Matter Of Law ..........19

i

Table of Contents (continued)

Page

C.      Even If This Court Determines That Plaintiff Has A "Thin Copyright," The Flower Pattern And The Garment Are Not Virtually Identical .................................................................20

VII.   PLAINTIFF'S COMPLAINT IS MATERIALLY IDENTICAL TO OTHERS PREVIOUSLY DISMISSED IN THE CDCA.............21

VIII.  CONCLUSION .................................................................22

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3    **FEDERAL CASES**

4    *Aliotti v. R. Daktin & Co.,*
5        831 F. 2d 898 (9th Cir. 1987)....................................................... passim

6    *Apple Computer, Inc. v. Microsoft Corp.,*
7        35 F. 3d 1435 (9th Cir. 1994).......................................................10, 19

8    *Art Attacks Ink, LLC v. MGA Entertainment Inc.,* 581 F. 3d 1138
        (9th Cir. 2009)..............................................................................8, 9
9

10   *Bell Atlantic Corp. v. Twombly,*
        550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...................5, 7
11

12   *Berkic v. Crichton,*
        761 F. 3d 1289 (9th Cir. 1985) .........................................................6, 17

13   *Bill Diodato Photography, LLC v. Kate Spade, LLC,*
14       388 F. Supp. 2d 382 (S.D. N.Y. 2005) ................................................17

15   *Bissoon-Dath v. Sony Comp. Entm't America Inc.,*
16       694 F. Supp. 2d 1071 (N. D. Cal. 2010) ..............................................10

17   *Campbell v. The Walt Disney Co.,*
18       718 F. Supp. 2d 1108 (N. D. Cal 2010)...............................................11

19   *Cavalier v. Random House, Inc.*
        297 F. 3d 815 (9th Cir. 2002)...................................................7, 11, 12
20

21   *Clegg v. Cult Awareness Network,*
        18 F. 3d 752 (9th Cir. 1994)...............................................................5
22

23   *Cosmos Jewelry Ltd. v. Po Sun Hon Co., et al.,*
        470 F. Supp. 2d 1072 (C.D. Cal. 2006) ........................................ passim

24   *Dumas v. Kipp,*
25       90 F. 3d 386 (9th Cir. 1996)...............................................................5

26   *Erickson v. Blake,*
27       839 F. Supp. 2d 1132 (D. Or. 2012)....................................................12

28

*Ets-Hokin v. Skyy Spirit, Inc.*
    225 F. 3d 1068 (9th Cir. 2000) ................................................................11, 16, 20

*Express, LLC v. Fetish Group, Inc.,*
    424 F. Supp. 2d 1211 (2006) ................................................................17, 20, 21

*Frybarger v. International Business Machines Corp.*
    812 F.2d 525 (9th Cir. 1987) ....................................................................17

*Funky Films, Inc. v. Time Warner Entertainment, Inc.*
    462 F. 3d 1072 (9th Cir. 2006) ................................................................10, 11

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*
    446 F. 2d 738 (9th Cir. 1971) ..................................................................11, 14

*In re Stac Electronics Securities Litigation,*
    89 F. 3d 1399 (9th Cir. 1996) ....................................................................6

*Iqbal v. Ashcroft,*
    556 U.S. 662 (2009) ..................................................................... passim

*Jackson v. Carey,*
    353 F. 3d 750 (9th Cir. 2003) ....................................................................5

*Jason v. Fonda,*
    698 F. 2d 966 (9th Cir. 1982) ....................................................................9

*Kouf v. Walt Disney Pictures & Television,*
    16 F. 3d 1042 (9th Cir. 1994) ....................................................................11

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.,*
    676 F. 3d 841 (9th Cir. 2012) ..................................................... passim

*Landsberg v. Scrabble Crossword Game Players, Inc.,*
    736 F. 2d 485 (9th Cir. 1984) ................................................................11, 16, 17

*Lopez v. Smith,*
    203 F. 3d 1122 (9th Cir. 2000) ....................................................................5

*Lucky Break Wishbone Corp. v. Sears Roebuck and Co.,*
    528 F. Supp. 2d 1106 (W.D. Wash. 2007) ........................................................19

*Malibu Textiles, Inc. v. H&M Hennes & Mauritz L.P.,*
    CDCA Case No. 2:14-cv-01018-R-E ............................................................1, 21

iv

1

*Malibu Textiles v. Label Lane International, Inc., et. al.*,
    CDCA Case No. 2:14-cv-4054-R-MAN ...............................................1, 22

*Mattel, Inc. v. MGA Entertainment, Inc.*,
    616 F.3d 904 (9th Cir. 2010) ..............................................................9

*National Business Development Services, Inc. v. American Credit Education &*
    *Consulting, Inc.*, 299 Fed. App'x 509, 2008 WL 4772074 (6th Cir. 2008) ..........5

*Resolution Trust Corp. v. Keating*,
    186 F.3d 1110 (9th Cir. 1999) ...........................................................1

*Rice v. Fox Broadcasting Co.*,
    330 F.3d 1170 (9th Cir. 2003) ...........................................................9

*Satava v. Lowry*,
    323 F. 3d 805 (9th Cir. 2003) ...................................................... passim

*See v. Durang*,
    711 F. 2d 141, 143 (9th Cir. 1983) ..........................................11, 13, 17

*Shwarz v. U.S.*,
    234 F. 3d 428 (9th Cir. 2000) .........................................................11

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*,
    562 F. 2d 1157 (9th Cir. 1977) .......................................................13

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) .......................................................................1

*Three Boys Music Corp. v. Bolton*,
    212 F. 3d 477 (9th Cir. 2000) ......................................................7, 16

*Zella v. The E.W. Scripps Co.*,
    529 F. Supp. 2d 1124 (C. D. Cal. 2007) ......................................5, 6, 11

**FEDERAL STATUTES**

17 U.S.C. § 411 ...............................................................................6

**RULES**

Rule 8(a) of the Federal Rules of Civil Procedure ....................................3

Rule 12(b)(6) of the Federal Rules of Civil Procedure ..........................1, 5

v

**OTHER AUTHORITIES**

4 NIMMER ON COPYRIGHT § 13.02[A] (2013) ................................................................7, 8

**TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 9, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant The Wet Seal, Inc. ("Wet Seal" or "Defendant") will and does hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Taylor v. Sturgell*, 553 U.S. 880 (2008), and *Resolution Trust Corp. v. Keating*, 186 F.3d 1110 (9th Cir. 1999) for an order dismissing, with prejudice, in its favor Plaintiff Star Fabrics, Inc.'s ("Star" or "Plaintiff") Complaint in its entirety.

This motion is made on the ground that Plaintiff's claim for relief for copyright infringement (the "Claim") fails for multiple reasons:

*First*, the Claim fails because Plaintiff has failed to plead ownership of a valid copyright.

*Second*, the Claim fails because Plaintiff has not sufficiently alleged that Defendant had access to Plaintiff's works.

*Third*, the Claim fails because Plaintiff has failed to plead substantial similarity between the works at issue.

*Fourth*, the Claim fails because the Plaintiff's work is not sufficiently original.

*Fifth*, the Claim fails because the works at issue, as a matter of law, are not substantially similar in copyrightable expression.

//
//
//
//
//
//
//

1

1        This motion is based upon this Notice of Motion; the attached Memorandum of

2    Points and Authorities; Request for Judicial Notice; the accompanying Declaration of

3    Staci Jennifer Riordan; [Proposed] Order; all of the pleadings and papers filed herein;

4    and any argument or evidence that may be presented to or considered by the Court

5    prior to its ruling.

6

7    Dated:  November 7, 2014          NIXON PEABODY LLP

8

9                  By   */s/  Staci Jennifer Riordan*

10                      Staci Jennifer Riordan

                         Neal J. Gauger

11                      Attorneys for Defendant

                         THE WET SEAL, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Star Fabrics, Inc. ("Star" or "Plaintiff") is suing The Wet Seal, Inc. ("Wet Seal" or "Defendant") for selling a garment adorned with fabric displaying an image of a naturally occurring species of flower – *argyranthemum frutescens*, commonly known as the Marguerite Daisy ("Daisy").

Plaintiff claims it has a monopoly on the Daisy via its alleged ownership of design number 60673 (the "Flower Pattern").  Notably, Plaintiff's Complaint is a material duplicate of at least two others filed by Plaintiff's counsel in the Central District of California ("CDCA"), both of which were dismissed with prejudice for failure to state a claim.  *See Malibu Textiles, Inc. v. H&M Hennes & Mauritz L.P.* ("*H&M Litigation*"), CDCA Case No. 2:14-cv-01018-R-E, Docket No. 17; *see also Malibu Textiles v. Label Lane International, Inc., et. al.* ("*Label Lane Litigation*"), CDCA Case No. 2:14-cv-4054-R-MAN, Docket No. 21.

This Complaint not only shares the fatal flaws of these previously dismissed pleadings; but for the insertion of new images and pattern numbers, it is ***identical***. Plaintiff's counsel has repeatedly had its form complaint dismissed by the CDCA for inadequacies; nevertheless, it has not modified its approach to pleading copyright claims.   Knowing that most defendants will simply pay a settlement rather than litigate, Plaintiff is engaging in willful disregard of the CDCA's authority.

Specifically, the Complaint, like those before it, fails for the following reasons, each of which is dispositive:

- Plaintiff fails to properly plead ownership of a valid copyright registration;
- Plaintiff fails to properly plead access;
- Plaintiff fails to allege that its work contains original elements;
- Plaintiff fails to plead substantial similarity;

- No person or entity may be granted a monopoly in the depiction of naturally-occurring flora or fauna, including the Daisy. *Satava v. Lowry*, 323 F. 3d 805, 812 (9th Cir. 2003) ***"[i]deas first expressed in nature, are the common heritage of humankind and no artist may use copyright laws to prevent others from depicting them."***; and

- The works at issues are not substantially similar copyrightable expression, especially after applying the doctrine of *scenes a faire*.

Accordingly, Wet Seal now brings this Motion to Dismiss, requesting that the Court dismiss Plaintiff's defective, assembly-line Complaint with prejudice.

## II.   STATEMENT OF FACTS

Wet Seal is a United States clothing retailer.  The garment at issue, SKU 459103000002 (the "Garment"), is allegedly sold at Wet Seal's retail stores.  Compl. ¶ 10.  Plaintiff is a wholesale fabric retailer.  Plaintiff alleges that it owns the Flower Pattern.  Compl.  ¶ 8.

On September 12, 2014, Plaintiff filed its improperly pled Complaint, alleging that the Garment infringes a copyright in the Flower Pattern held by Plaintiff.   On October 21, 2014, Plaintiff and Wet Seal entered into a stipulation wherein Wet Seal was given until November 7, 2014 to answer or otherwise respond to the Complaint. Prior to the filing of this Motion, Plaintiff and Wet Seal met and conferred pursuant to CDCA Local Rule 7-3 to discuss the sufficiency and substance of Plaintiff's pleading. Declaration of Staci Jennifer Riordan ("Riordan Decl."), ¶ 2.  Rather than amend its Complaint, Plaintiff asserted that its pleading was proper.  This Motion followed.  *Id.*

For reasons more fully discussed below, the Complaint is materially identical to improperly pled complaints previously dismissed by the CDCA.  The Complaint also fails as a matter of law.  Accordingly, Wet Seal now brings this Motion to Dismiss, requesting that the Court dismiss the Complaint, in its entirety, with prejudice.

4

### III.   STANDARD OF REVIEW ON A MOTION TO DISMISS

Rule 12(b)(6) exists to weed out undeserving complaints before parties engage in expensive discovery. *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555-559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("*Twombly*"). This is particularly important in copyright infringement actions, which "lend[] [themselves] readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resources intensive case." *National Business Development Services, Inc. v. American Credit Education & Consulting, Inc.*, 299 Fed. App'x 509, 2008 WL 4772074 *2 (6th Cir. 2008). Thus, while Rule 8(a) only requires a "short plain statement of the claim," a complaint for copyright infringement has a heightened pleading standard that requires a plaintiff to give a defendant fair notice of a legally cognizable claim and the grounds upon which the claim rests. *Twombly, 550 U. S. at 555*; *Iqbal v. Ashcroft, 556 U.S. 662, 667-68 (2009)*.

On a motion to dismiss, all allegations of material fact in the complaint are taken as true, but a court "is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994); *Zella v. The E.W. Scripps Co., 529 F. Supp. 2d 1124, 1127-28 (C. D. Cal. 2007)*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not presumed to be true. *Twombly, 550 U.S. at 555*. Thus, a court must not accept, as pled in the Complaint, "naked assertion[s]" devoid of "further factual enhancement." *Id. at 557*.

When amendment of a complaint would be futile, dismissal should be ordered with prejudice. *Dumas v. Kipp*, 90 F. 3d 386, 393 (9th Cir. 1996); *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000); *Jackson v. Carey*, 353 F. 3d 750, 758 (9th Cir. 2003)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES        CASE NO. 2:14-CV-07163-BRO-SH

(dismissal without leave to amend is appropriate if the deficiencies in the complaint cannot be cured by amendment).

## IV.    THE COURT MAY TAKE JUDICIAL NOTICE IN CONNECTION WITH A MOTION TO DISMISS

In ruling on a 12(b)(6) motion, a court can consider documents referenced in the complaint, even if not attached to the complaint.  *In re Stac Electronics Securities Litigation*, 89 F. 3d 1399, 1405, n. 4 (9th Cir. 1996); *Zella*, 529 F. Supp. 2d at 1128.

## V.    THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT AND MUST BE DISMISSED WITH PREJUDICE

To successfully plead a copyright infringement claim, the plaintiff must plead facts – not mere legal conclusions – establishing: (1) the plaintiff's ownership of a valid copyright; (2) the defendants' access to the copyrighted work; and (3) substantial similarity between the copyrighted work and the allegedly infringing material.  *Berkic v. Crichton*, 761 F. 3d 1289, 1291-92 (9th Cir. 1985).

Here, the Complaint fails to properly plead facts establishing ownership, access, or substantial similarity.  Thus, the Complaint fails and Wet Seal's Motion to Dismiss must be granted.

### A.    Plaintiff Must Plead Ownership of a Valid Copyright, And It Has Failed To Do So

While copyright registration is not a precondition to copyright protection, it is a precondition to filing a copyright infringement action.  17 U.S.C. § 411; *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F. 3d 841, 852 (9th Cir. 2012) ("*L.A. Printex*").

The Complaint (1) alleges that Plaintiff owns a "textile printing entitled 60673"; (2) claims that Plaintiff has registered its design; and (3) attaches a picture of a fabric swatch that purports to be textile print "60673."  Compl. ¶¶ 8, 10.  Plaintiff, however, fails to attach a copyright registration, provide the registration deposit materials, or

6

1   even reference the registration number in the Complaint.  Accordingly, Plaintiff has

2   failed to provide the factual notice of registration required by *Twombly* and *Iqbal*.

3       Plaintiff is required to plead ownership of a copyright over protectable material

4   in order to provide notice of what exact rights it is claiming.  Given the facts as pled,

5   Wet Seal is left to speculate as to (1) what work is covered by Plaintiff's purported

6   copyright registration; (2) what materials, if any, Plaintiff provided to the U.S.

7   Copyright Office; and (3) whether the claimed copyright relates to the Flower Pattern.

8       Wet Seal is not required to guess as to what work is covered by Plaintiff's

9   claimed copyright, whether the claimed copyright over "60673" relates to the Flower

10  Pattern, and what, exactly, Wet Seal has allegedly infringed.  *Twombly*, 550 U. S. at

11  555.  Thus, the Complaint must be dismissed as it fails to offer "fair notice of a legally

12  cognizable claim and the grounds upon which the claim rests." *Id.*

13  **B.   Plaintiff Must Plead Access, And It Has Failed To Do So**

14      Pursuant to the pleading requirements under *Twombly*, a court may dismiss a

15  claim where a plaintiff fails to allege facts showing that the defendants had access to

16  the plaintiff's work.  550 U.S. at 555-559; *Cavalier v. Random House, Inc*. 297 F. 3d

17  815, 822 (9th Cir. 2002).

18      A "bare possibility of access is not enough." *Jason v. Fonda*, 698 F. 2d 966,

19  967 (9th Cir. 1982); *See* 4 NIMMER ON COPYRIGHT § 13.02[A] (2013) ("mere

20  speculation or conjecture" is insufficient to establish access). Rather, to properly plead

21  access, a plaintiff must allege that the defendants had a reasonable opportunity to view

22  plaintiff's work.  *Three Boys Music Corp. v. Bolton*, 212 F. 3d 477, 482 (9th Cir.

23  2000) ("*Three Boys*").  This standard is met by either pleading direct access or by

24  using circumstantial evidence of (1) a "chain of events" linking the plaintiff's work

25  and the defendant's access, or (2) widespread dissemination of the plaintiff's work.

26  *Id.* at 482.  The Complaint fails to sufficiently plead such factual allegations, and must

27  be dismissed on this ground alone.

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES        CASE NO. 2:14-CV-07163-BRO-SH

### 1.   Plaintiff Has Not Pled Facts Demonstrating Direct Access

Here, Plaintiff has not alleged that Wet Seal directly accessed its work.  Thus, it cannot establish access in that manner.

### 2.   Plaintiff Has Not Pled Access By A "Chain of Events"

As for indirect access, Plaintiff fails to plead that there is a "chain of events that link the plaintiff's work and the defendant's access," as no such chain exists.  *Art Attacks Ink, LLC v. MGA Entertainment Inc*. *("Art Attacks")*, 581 F. 3d 1138, 1143 (9th Cir. 2009).  What the Complaint does contain, however, is a laundry list of all conceivable ways Wet Seal *could have* possibly accessed the Flower Pattern, including, *inter alia*, viewing fabric produced for Plaintiff's customers, accessing Plaintiff's strike-offs and samples, and by access through unnamed third party vendors.  Compl. ¶ 11.

Such allegations are merely a speculative list of the *potential* ways *someone* could have accessed the Flower Pattern.   The Complaint contains no *facts* related to access, because Plaintiff has not pled and cannot plead facts showing a "chain of events" linking the Flower Pattern to access by Wet Seal.  A mere *possibility* that Wet Seal saw the Flower Pattern – which it did not prior to this case – does not meet the plausibility standard set forth in *Iqbal*.   *See* 556 U.S. at 677-78; 4 NIMMER ON COPYRIGHT § 13.02[A] (2013).

### 3.   Plaintiff Has Not Pled Access By "Widespread Dissemination"

Plaintiff also fails to plead indirect access with its allegation that the Flower Pattern was "widely disseminated."  Plaintiff must plead sufficient facts to support that claim.  *Art Attacks*, 581 F. 3d at 1144-45.  Rather than doing so, in the Complaint Plaintiff merely repeats the self-serving legal conclusion that "Plaintiff widely disseminated fabric bearing [textile print 60673] to numerous parties in the fashion and apparel industries."  Compl. ¶ 9.

//

This statement is insufficient to meet the required pleading standard, as Plaintiff must (1) plead facts showing that the Flower Pattern was widespread, and (2) must do so by quantifying the temporal and other factual context for Plaintiff's sales figures. *Iqbal*, 556 U.S. at 677-78; *Art Attacks Ink*, 581 F. 3d at 1144-45.

For example, in *Art Attacks*, the plaintiff contended that there was widespread dissemination of the work at issue because: (1) the work was displayed at Plaintiff's booth at a county fair where millions attended and in retail stores; (2) the work was printed on T-shirts, "which serve as 'walking billboards,'" of which 2,000 units were sold per year; and (3) the work was available to view and purchase via the Internet. 581 F.3d at 1144-1145. The court disagreed, found the above described dissemination was not widespread, and held that at the plaintiff failed to show "more than a 'bare possibility'" of access. *Id.* at 1145.

Similarly, in *Rice v. Fox Broadcasting Co.*, the court held that 17,000 videos sold over a 13-year period "cannot be considered widely disseminated," even though the plaintiff showed that there was a great deal of publicity surrounding the release of the video, various niche publications ran stories about the video, and the video was featured on *Entertainment Tonight*. 330 F.3d 1170, 1178 (9th Cir. 2003).

Additionally, in *Jason v. Fonda,* the plaintiff alleged that she sold 2,000 copies of her book nationwide, with somewhere between 200-700 of those units sold in Southern California, where the defendants were located. 526 F. Supp 774, 776 (C. C. D. 1982). The court held that extent of distribution "create[d] no more than a 'bare possibility' that defendants may have accessed plaintiff's book." *Id.* at 776-777. Thus, there was no issue of access, let alone wide-spread dissemination.

Here, Plaintiff does not bother to allege sales figures, nor the time period and location where such sales took place; indeed, there is not a single fact to support Plaintiff's allegations. It is impossible for this Court to consider whether the Flower Pattern has been widely disseminated when no facts have been pled regarding access.

1    Plaintiff must – and evidently cannot – plead **facts** demonstrating widespread

2    dissemination. Thus, as Plaintiff fails to allege specific facts regarding access, its

3    infringement Complaint must be dismissed with prejudice. *Iqbal*, U.S. at 677-78.

4             **C.**      **Plaintiff Must Plead Substantial Similarity, And It Has Failed**

5    The Complaint must also be dismissed because Plaintiff fails to properly plead

6    substantial similarity.  To meet the pleading requirement, Plaintiff is required to (1)

7    identify the protectable elements of its work and (2) plead "the *source(s)* of the

8    alleged similarity between his work and the defendant's work." *Apple Computer, Inc.*

9    *v. Microsoft Corp.*, 35 F. 3d 1435, 1443 (9th Cir. 1994) (emphasis original); *Funky*

10   *Films, Inc. v. Time Warner Entertainment, Inc*. 462 F. 3d 1072, 1077 (9th Cir. 2006).

11   Any allegation of similarity must be of protected elements, not unprotectable elements

12   or ideas in the public domain.  *Bissoon-Dath v. Sony Comp. Entm't America Inc*., 694

13   F. Supp. 2d 1071, 1079 (N. D. Cal. 2010), *aff'd and adopted by* 653 F. 3d 898 (9th

14   Cir. 2011) (published without opinion).

15   The Complaint fails to identify the protectable elements, if any, in the Flower

16   Pattern, and Plaintiff must not bother to draw even a single comparison between the

17   Flower Pattern and the Garment.  Rather, Plaintiff contents itself with alleging yet

18   another blanket, legal conclusion – that Wet Seal "distributed and sold fabric and/or

19   garments comprised of fabric featuring a design which is identical or substantially

20   similar to [textile print 60673]." Compl. ¶ 10.

21   As discussed extensively below, each of the Flower Pattern's elements are

22   unprotectable – they are either artistic depictions of naturally-occurring phenomena or

23   are stock and common to the medium of fabric patterns.  *Cosmos Jewelry Ltd. v. Po*

24   *Sun Hon Co., et al*., 470 F. Supp. 2d 1072, 1082 (C.D. Cal. 2006) (barring artistic

25   depictions of flowers from copyright protection); *L.A. Printex*, 676 F. 3d at 850

26   (barring copyright protection for "a floral pattern depicting bouquets and branches," as

27   well as depictions showing "the combination of open flowers and closed buds in a

28

10

single bouquet or the green color of stems and leaves."); *Satava*, 323 F. 3d at 812; *See v. Durang* ("*Durang*"), 711 F. 2d 141, 143 (9th Cir. 1983); *Aliotti v. R. Daktin & Co.*, 831 F. 2d 898, 900-01 (9th Cir. 1987); *Herbert Rosenthal Jewelry Corp. v. Kalpakian* ("*Kalpakian*") 446 F. 2d 738, 741-42 (9th Cir. 1971); *Ets-Hokin v. Skyy Spirit, Inc.* ("*Skyy*"), 225 F. 3d 1068, 1082 (9th Cir. 2000); *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F. 2d 485, 489 (9th Cir. 1984).

Once again, Plaintiff wants Wet Seal to guess as to what elements Plaintiff purports to be covered by copyright protection. Plaintiff has not pled and cannot plead substantial similarity of protectable elements, if any, contained in its Flower Pattern. The Complaint fails to state a claim for copyright infringement, and it must be dismissed with prejudice.

## VI. AS A MATTER OF LAW, THE FLOWER PATTERN AND THE GARMENT ARE NOT SUBSTANTIALLY SIMILAR

Plaintiff has not properly pled the required elements of copyright infringement. Even if the defects can be cured, which they cannot, the Complaint still must be dismissed as the works are not substantially similar as a matter of law.

To determine substantial similarity, a plaintiff must satisfy both an "extrinsic" test and an "intrinsic" test. *Funky Films, Inc.*, 462 F. 3d at 1077. On a motion to dismiss, only the extrinsic test is relevant. *Zella*, 529 F. Supp. 2d at 1133, n. 8. This entails "an objective comparison of specific expressive elements" found within the works themselves, independent of the Complaint's allegations. *See Cavalier v. Random House, Inc.*, 297 F. 3d 815, 822 (9th Cir. 2002); *see also Kouf v. Walt Disney Pictures & Television*, 16 F. 3d 1042, 1045 (9th Cir. 1994); *Shwarz v. U.S.*, 234 F. 3d 428, 435 (9th Cir. 2000) (no need to accept allegations conflicting with judicially-noticed material).

If a plaintiff fails to satisfy the extrinsic test, the complaint must be dismissed. *Campbell v. The Walt Disney Co.*, 718 F. Supp. 2d 1108, 1116 (N. D. Cal 2010).

A.   **The Unprotected Elements Of The Flower Pattern Must Be Filtered Out Before It Is Compared With The Garment**

Before comparing the works, the court must "filter out and disregard" all unprotected elements.   *Cavalier*, 297 F. 3d at 822.   Unprotected elements of a copyrighted work include (1) ideas, as opposed to expression; (2) expressions that are indistinguishable from the underlying ideas; (3) standard or stock elements (*scènes à faire*); and (4) facts and other public domain information.   *Erickson v. Blake*, 839 F. Supp. 2d 1132, 1136 (D. Or. 2012); *Satava*, 323 F. 3d at 810 ("Expressions that are standard or stock, or common to a particular subject matter or medium are not protectable [elements] under copyright law.").

A comparison of protectable elements – as opposed to the Flower Pattern as a whole – ensures that unprotectable expression does not form the basis for a determination of substantial similarity, thereby "confer[ring] a monopoly of [an] idea upon the copyright owner." *Aliotti*, 831 F.2d at 901.

1.   **The Flower Pattern Is Substantially Similar To Flower Designs Found In The Public Domain**

Floral fabric patterns have been in common use since the 13th Century.   The Flower Pattern at issue here is substantially similar to fabric patterns found in the public domain.   For example, the Flower Pattern is virtually identical to public domain patterns available in *Florals: Graphical Flower Designs, Vol. 1* and *Florals: Graphical Flower Designs, Vol. 2* (the "Florals Collections"), pattern "idea" books published by Belvedere Books, Inc. which are available to clothing designers and retailers around the world.   Riordan Decl., ¶ 3; Exhibit A.   Thus, since materials in the public domain pre-exist the Flower Pattern, the Complaint should be dismissed.

//

//

//

12

2. **The Flower Pattern Is Not Sufficiently Original And Therefore Is Not Copyrightable**

Assuming, *arguendo*, that the Flower Pattern is not entirely in the public domain, its elements and/or combination of elements are still not sufficiently original to warrant copyright protection.

"It is an axiom of copyright law that the protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself." *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F. 2d 1157, 1163 (9th Cir. 1977). "Expressions that are standard, stock or common to a particular subject matter or medium are not protectable under copyright law." *Satava, 323 F. 3d at 812*, *citing Durang, 711 F. 2d at 143*.

As held by the *Satava* court, ***"Ideas, first expressed by nature, are the common heritage of humankind and no artist may use copyright law to prevent others from depicting them."*** *Satava, 323 F. 3d at 812*. Here, the Flower Pattern is predominantly comprised of depictions of flowers as they occur in nature. Thus, those depictions should not be afforded copyright protection.

In *Satava,* the court held that the artist had no protection in a glass-in-glass jellyfish sculpture or the elements of expression that naturally follow from the idea of such sculpture because the elements chosen by the artist were so typical of jellyfish physiology that to recognize protection would have granted the artist a monopoly. *Satava, 323 F. 3d at 810-12*. In rejecting the plaintiff's claim of copyright infringement, the *Satava* court held that the plaintiff could not prevent others from depicting parts of jellyfish as jellyfish "possess those body parts." *Id. at 811*.

Similarly, in *Aliotti*, the court held no copyright protection could be afforded to the idea of producing stuffed dinosaur toys or to the elements of expression that necessarily follow from the idea of such toys. *831 F. 2d at 90*. Further, the *Aliotti* court instructed that it is improper for to rely "upon any similarity in expression

13

resulting from either the physiognomy [of the living item] or from the nature of the expression." _Id._; _accord_ _Kalpakian,_ 446 F. 2d at 741 ("'any inference of copying based upon similar appearance' loses its strength when both works are lifelike expressions of objects found in nature").

Finally, both the _Aliotti_ and _Kalpakian_ courts determined that **even where a natural depiction is presented in an artistic manner, or enhanced with decorative flourishes**, a finding of copyright protection is improper. _Aliotti_, 831 F. 2d at 900 (declining to grant protection over plaintiff's "sleepy eyed, 'dingy' dinosaur with exaggerated facial and other anatomical features"); _accord Kalpakian_, 446 F. 2d at 742 (declining to grant protection over a "bee pin," despite the natural form being enhanced with jewel flourishes).

### 3.  This Court Has Previously Extended The "Natural Depiction" Doctrine To Artistic Depictions Of Flowers

In _Cosmos_, _supra_, the court explicitly held that the "natural depiction" doctrine applied to artistic depictions of flowers, thus barring such depictions from copyright protection. 470 F. Supp. 2d at 1082.  The facts of _Cosmos_ are instructive here.

In _Cosmos_, for thirteen years prior to the litigation, the plaintiff had produced jewelry featuring depictions of plumeria flowers. _Id._ at 1075.  Each of these depictions contained a "sand-blasted matte finish with high-polished shiny edges," which the court described as "an artistic interpretation." _Id._ at 1075-76.  The court also found that the plaintiff had spent over one million dollars in promoting its jewelry, making the plaintiff's ads "necessarily viewed by a large number of people." _Id._ at 1076-77.  In comparison, the defendant in _Cosmos_ also produced plumeria jewelry with "a sandblast finish on the petal surface and high polish on the edges," and the court determined as a matter of law that the defendant had been provided with access to the plaintiff's plumeria designs prior to having designed its own jewelry.

//

14



*At left, Cosmos Jewelry, Ltd.'s plumeria design; at right, Po Sun Hon Co.'s plumeria design*

*Id.* at 1078, 1083.

Despite that the plaintiff's jewelry included an "artistic interpretation" of plumeria flowers, the *Cosmos* court applied *Satava* to hold that there could not be copyright protection for expressions of such flowers in items of jewelry, because any representation of the flower would inevitably contain features that occur frequently in nature.  *Id.* at 1082 (holding that the plaintiff could not be afforded copyright protection for its design because all plumeria flowers have "five petals slightly overlapping, slightly longer than they are wide, and with slightly pointed tips.").

Finally, in rejecting the plaintiff's copyright claim outright, the court held that the plaintiff could not be afforded protection for "its use of a 'sand-blasted' finish on the body of the petals and 'high-polish' finish on the edges, as both of these finishing techniques, either individually or in combination, are 'standard, stock, or common' to the medium of gold jewelry making – i.e., they are 'scenes a faire.'" *Id.* at 1083.

        a.     <u>The Expression Of The Daisy In The Flower Pattern Is As It Exists In Nature; It Is Not Protected By Copyright</u>

The main flower within the Flower Pattern is a depiction of a naturally-occurring species – *argyranthemum frutescens*, commonly known as the Marguerite Daisy.  Riordan Decl., ¶ 5; Exhibit C.  The Daisy, which is a perennial flower found the world over, appears in nature with certain immutable characteristics: it presents as a multi-shaded pseudanthium, commonly with white ray petals. Common colors found

15

in *argyranthemum frutescens* include colors of yellow, white, orange, green, and scarlet. *Id.*

The expression of the Daisy in the Flower Pattern mirrors how the Daisy appears in nature; the image is not "recognizably [Plaintiff's] own." *Three Boys*, 212 F. 3d 477, 489 (9th Cir. 2000). Therefore, as in *Satava*, *Aliotti*, *Kalpakian*, and *Cosmos*, the Court should not allow Plaintiff to prevent others from depicting expressions of the Daisy as it occurs in nature. Indeed, even if this Court finds that Plaintiff has added some artistic "interpretation," the right to display naturally-occurring depictions and features of the Daisy is "the common property of all, and [Plaintiff] may not use copyright law to seize [it] for [its] exclusive use." *Satava*, F. 3d at 811; *Cosmos*, 470 F. Supp. 2d 1075-76.



Riordan Decl., ¶ 5; Exhibit C.

        b.    The Use Of Complementary Flowers, Small Clustered Flowers, and Extended Leaves and Branches Are Unoriginal And *Scènes à Faire* In The Context Of Floral Patterns

Under the doctrine of *scenes a faire*, "courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea . . . the rationale is that no one party should have a monopoly on the underlying unprotectable idea." *Skyy*, 225 F. 3d at 1082; *Landsberg*, 736 F. 2d at

16

489; *Durang*, 711 F. 2d at 143.   As explained by the court in *Frybarger v. International Business Machines Corp.*, "when similar features in [works] are . . . at least standard in the treatment of a given [idea], they are treated like ideas and are therefore not protected by copyright." 812 F. 2d 525 (9th Cir. 1987). *See, e.g., Bill Diodato Photography, LLC v. Kate Spade, LLC,* 388 F. Supp. 2d 382, 392-93 (S.D. N.Y. 2005) (elements of a pop culture photograph image showing a woman's feet, shoes and handbag do not enjoy copyright protection due to *scenes a faire*).

In *L.A. Printex*, the court found that the "idea of a floral pattern depicting bouquets and branches" was not protectable, stating further that "[the plaintiff's image] has elements that are not protectable, for example the combination of open flowers and closed buds in a single bouquet or the green color of stems and leaves." 676 F.3d at 850.   Similarly, the *Cosmos* court recognized that design features "commonly used throughout the jewelry business" are unprotectable by copyright. 470 F. Supp. 2d at 1083.   In *Express, LLC v. Fetish Group, Inc.*, the court held that "lace along the hemline, upper back, bodice area, and moustache area" were all "standard elements of tunics," and thus the plaintiff could not "claim a monopoly in the use of them." 424 F. Supp. 2d 1211, 1226-27 (2006).   In short, it is well-established that courts should bar common stock elements from copyright protection, as their use demonstrates that "in the life of men generally, there is only rarely anything new under the sun." *Berkic*, 761 F. 3d at 1294.

//
//
//
//
//
//
//

17

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES          CASE NO. 2:14-CV-07163-BRO-SH

1       Here, the Flower Pattern contains many "stock" elements found in fabric

2 patterns, including (1) the monochrome flower shapes directly adjacent to the Daisy;

3 (2) groupings of small clustered flowers which echo the construction of the larger

4 elements; and (3) the use of extended leaves and branches.  A review of patterns from

5 the public-domain Florals Collection proves just how common these "tropes" are:

**Plaintiff's Alleged Flower Pattern**



**Samples From The Public-Domain Florals Collection**



Riordan Decl., ¶ 3; Exhibit A.

23      As shown by the patterns from the public-domain Florals Collection,

24 complementary flowers, small, clustered flowers, and extended leaves and branches

25 are common design elements in floral fabric patterns.  *Id*.  Plaintiff's Flower Pattern is

26 thus simply a duplication of stock elements; it is unavailing to a finding of copyright

27 protection.

18

1    Thus, the Flower Pattern contains **no** protectable elements – not the Daisy, not

2    the complementary flowers, not the small clustered flowers, not the leaves and vines.

3    The Flower Pattern is simply not an expression that warrants copyright protection.

4    Accordingly, the Complaint should be dismissed with prejudice.

5        **B.    To The Extent Plaintiff Has A Copyright In The Flower Pattern, It**

6             **Is A "Thin Copyright" As A Matter Of Law**

7        To the extent artistic choices are not governed by physiology or by the medium

8    of art, they are original elements that receive "thin" copyright protection.  *Satava*, 323

9    F. 3d at 812.  "Put another way, a thin copyright 'compris[es] no more than [the

10   artist's] original contribution to ideas already in the public domain.'"  *Lucky Break*

11   *Wishbone Corp. v. Sears Roebuck and Co.*, 528 F. Supp. 2d 1106, 1123-1124 (W.D.

12   Wash. 2007) (*quoting Satava*, 323 F. 3d at 812).  A determination of whether a work

13   is entitled to thin or broad protection is determined on a case by case basis.  *Apple*, 35

14   F. 3d at 1446 ("[w]hich end of the continuum a particular work falls on is a call that

15   must be made case by case.").

16       Similar to the photo of the vodka bottle at issue in *Skyy* or the glass-in-glass

17   jellyfish in *Satava*, the expression of the Daisy in the Flower Pattern is as it appears in

18   its natural form.  *See* Section IV(A)(2)-(3), *supra*.  Should Plaintiff's claim be deemed

19   acceptable by this Court, any artist that wishes to express a Daisy on fabric as it

20   appears in nature will be highly constrained.  *Mattel, Inc. v. MGA Entertainment, Inc.*,

21   616 F.3d 904, 914 (9th Cir. 2010) ("[i]f there is only a narrow range of expression (for

22   example, there are only so many ways to paint a red bouncy ball on blank canvas),

23   then copyright protection is 'thin' and a work must be 'virtually identical' to

24   infringe"); *Apple*, 35 F.3d at 1439, 1446-47.

25       Notably, in *L.A. Printex,* the court found that a flower depicted not as it appears

26   in nature, but in a stylized manner, has broad protection.  676 F.3d at 85.  In the

27   Complaint, Plaintiff does not describe its depiction of the Daisy in the Flower Pattern

28

19

as being "stylized"; indeed, there is no discussion at all in the Complaint regarding the Flower Pattern's elements.  *See generally*, Compl.  Even if the Plaintiff were to state that the depiction of the Daisy is stylized, that still would not make it so, however; Plaintiff's lack of contribution to the Daisy's natural form is apparent to even the casual viewer.   Even if the Court determines that Plaintiff has contributed some original expression to the idea of the Daisy with standard floral supporting elements, which Defendants contend it did not, the Court should still only hold that Plaintiff has a "thin" copyright in any such original element(s) as a matter of law.  *Satava*, 323 F. 3d at 812; *Express*, 424 F. Supp. 2d at 1226.

Thus, Plaintiff must plead – and eventually prove – virtual identity to succeed on its infringement claim.  *Skyy*, 323 F. 3d 763, 766 (9th Cir. 2003) (holding that the plaintiff had a "'thin' copyright protecting against only virtually identical copying").

**C.   Even If This Court Determines That Plaintiff Has A "Thin Copyright," The Flower Pattern And The Garment Are Not Virtually Identical**

A close inspection of the Flower Pattern and the Garment reveals several critical differences in regards to individual elements.  Riordan Decl., ¶ 4; Exhibit B.

First, where the Daisy in the Flower Pattern has a tall, narrow, and elongated shape, the flower on the Garment presents with a fatter, "squarer" presentation.  *Id.* Second, where the petals on the Daisy in the Flower Pattern are separated from each other, the Daisy petals on the Garment are clumped into thicker, muddier groupings. *Id.*  Third, whereas the elements of the Flower Pattern are placed in close proximity to each other, the elements of the Garment utilize and emphasize the greater amount of "negative" space between them.  *Id.*  In sum, even when considered as constituent elements, the Garment and the Flower Pattern are not virtually identical.

As a final consideration, under *Express*, *supra*, a copyright may be claimed as to "the way [the pattern] is placed and presented" on a garment of clothing, including

20

the "look of the [pattern]" on the garment. 424 F. Supp. 2d at 1225.  Therefore, the Garment's *use* of floral elements and its general appearance must be considered in any analysis as to whether the Flower Pattern and the Garment are virtually identical.  A simple comparison of the "look of the [pattern]" on the Garment reveals it is decidedly different from the Flower Pattern, as the Garment utilizes intricate pleating under the wearer's bust and dramatic draping across the wearer's décolletage.  Riordan Decl., ¶ 4; Exhibit B.  In particular, the draping is a key focal point of the Garment, as it draws the eyes to the skin of the wearer's décolletage, a key area of emphasis for some women's garments.  *Id.*  Without this distinct and conscious design choice, the emphasis would be significantly lessened, and the desired effect would be lost.

Thus, because "as a whole, the look" of the Garment is decidedly different from the "look" of the broad, flat elements in the Flower Pattern, the Garment and the Flower Pattern are not "virtually identical" to each other, and dismissal of the Complaint with prejudice is appropriate. *Id.*

## VII.   PLAINTIFF'S COMPLAINT IS MATERIALLY IDENTICAL TO OTHERS PREVIOUSLY DISMISSED IN THE CDCA

Plaintiff is utilizing a form Complaint that has been resoundingly dismissed with prejudice by the CDCA in two other cases.  As those other complaints were dismissed for insufficient pleading, the instant Complaint should be dismissed as well.

On February 10, 2014, Malibu Textiles, Inc. ("Malibu"), represented by Plaintiff's counsel, filed a lawsuit in the CDCA alleging infringement of a floral pattern by H&M Hennes & Mauritz L.P. ('H&M").  *H&M Litigation*, Docket No. 1. On March 25, 2014, H&M filed a motion to dismiss Malibu's complaint.  *Id.*, Docket No. 8.  On June 6, 2014, the CDCA granted H&M's Motion to Dismiss with prejudice, finding that Malibu's pleading had been insufficient.  *Id.*, Docket No. 17.

On May 27, 2014, Malibu, once again assisted by Plaintiff's counsel, filed a lawsuit against Label Lane International, Inc. ("Label Lane") alleging infringement of

21

a floral pattern.  *Label Lane Litigation*, Docket No. 1.  On July 18, 2014, Label Lane filed a motion to dismiss the complaint.  On October 8, 2014, the CDCA dismissed the complaint with prejudice for failure to state a claim.  *Id.,* Docket No. 21.

The instant Complaint is materially identical to the form complaints filed in the H&M and Label Lane litigations.  Indeed, in adjudicating H&M's Motion for Fees in the H&M Litigation, Malibu bragged that "[m]ost of the copyright complaints filed by [Malibu's] counsel follow the same pleading format . . ."  *Id.,* Docket No. 26.  In short, Plaintiff is attempting to assert a defective, inadequate, and unsatisfactory pleading that has already been rejected by the CDCA on multiple occasions.

Plaintiff has either not learned or does not care about how to properly plead a claim for copyright infringement.  Because the material insufficiencies of Plaintiff's pleading have previously been adjudicated by the CDCA, and as Plaintiff has willfully filed a defective Complaint, the outcome should be evident here – Plaintiff's claim should be dismissed with prejudice.

## VIII.  **CONCLUSION**

Plaintiff has provided this Court with an insufficient pleading and a baseless claim.  Moreover, it has done so knowing that its Complaint has previously been ruled inadequate.  For all of the foregoing reasons, and because amendment will not cure the Complaint's defects, Defendant The Wet Seal, Inc. respectfully requests that Plaintiff's Complaint be dismissed in its entirety with prejudice.

Dated:  November 7, 2014                    NIXON PEABODY LLP


                                      By   */s/ Staci Jennifer Riordan*
                                           Staci Jennifer Riordan
                                           Neal J. Gauger
                                           Attorneys for Defendants
                                           THE WET SEAL, INC.