1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Howard S. Han (SBN 243406)
4  DONIGER / BURROUGHS APC
   603 Rose Avenue
5  Venice, California 90291
6  Telephone: (310) 590-1820
7

8  Attorneys for Plaintiff
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation, | Case No.: 14-cv-07163 BRO (SH) |
| | _Hon. Beverly Reid O'Connell Presiding_ |
| Plaintiff, | |
| | **PLAINTIFF'S OPPOSITION TO** |
| v. | **DEFENDANT THE WET SEAL,** |
| | **INC.'S NOTICE OF MOTION AND** |
| | **MOTION TO: DISMISS THE** |
| THE WET SEAL, INC., a Delaware Corporation; and DOES 1-10, | **COMPLAINT** |
| | |
| Defendants. | Date: December 8, 2014 |
| | Time: 1:30 p.m. |
| | Courtroom: 14 |

- i -

# I.      Introduction

Wet Seal is a serial copyright infringer that has been sued and been found liable for infringement of multiple copyrights. Indeed, just yesterday (November 13, 2014) a unanimous jury in this district entered a verdict of $450,000 against Wet Seal for its willful infringement of three copyrighted textile designs in *Novelty Textile Inc v. The Wet Seal Inc et al*, Case No. 2:13-cv-05527-SJO-MRW. Not only was that case also handled by Plaintiff's counsel and based on a complaint that was a "material duplicate"[1] of the complaint in this case, but Judge Otero had made pre-trial findings of both infringement and willfulness against Wet Seal months ago based on that complaint and the evidence presented in support of it.[2]

This motion is frivolous. It puts arguments before this Court that no attorney can make in good faith under Rule 11.  For example, Defendant argues that "Plaintiff claims it has a monopoly on the Daisy…" (Docket 13 at 10:7) when Plaintiff's complaint in fact asserts no such thing.  Rather, Plaintiff asserts that it holds a valid copyright on its stylized floral design which includes those flowers.

Defendant also argues that "depictions [of flowers] should not be afforded copyright protection" (*Id.* at 20:15-16), wholly ignoring the recent Ninth Circuit opinion in *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, which  held that the original selection, coordination, and arrangement of floral elements is not only protectable, but entitled to broad protection since "there are gazillions of ways to combine petals, buds, stems, leaves, and colors in floral designs on fabric." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012).

---

[1] Defendants' comparison of this case to the two Malibu Textiles complaints ruled on by Judge Real is disingenuous as those cases dealt with a lace pattern, not two-dimensional graphic artwork used for printing on fabric.  Moreover, Judge Real's rulings in both cases are currently on appeal.

[2] *See* 2:13-cv-05527-SJO-MRW, Docket No. 94.

Moreover, two of the three designs that Wet Seal was found to have willfully infringed in Case No. 2:13-cv-05527-SJO-MRW were floral designs. Wet Seal and its counsel should be sanctioned under Rule 11 for making this argument.

As set forth below, Star Fabrics, Inc. has properly pleaded its claims for copyright infringement by alleging (1) that Star owns the copyrighted work and a copyright registration for that work, (2) widespread dissemination of that work, and (3) copying of protectable expression, including a comparison between the specific floral elements in both the Star's design and the design on the Infringing Garments to allege substantial similarity. Because Star has met its burden of alleging facts sufficient to create a prima facie case for copyright infringement, Defendants' motion must be denied.

## II.   Statement of Facts

In its Complaint, Star alleges that it owns a valid copyright in Design "60673" (the "Subject Design") and has registered that design with the Copyright Office. (Complaint ¶ 8). Star further alleged that Defendant The Wet Seal, Inc. infringed on its copyright in the Subject Design by producing a garment that bore a facsimile of the Subject Design (the Infringing Garment) and sold that garment to the public, (Complaint ¶ 10), and that prior to that conduct Star sold and distributed many yards of fabric bearing the Subject Design to customers in the apparel industry. (Complaint ¶ 9).

## III.   Legal Standard for a Motion to Dismiss for Failure to State a Claim

A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (dismissal is proper only where there is

no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory).

Motions to dismiss for failure to state a claim are disfavored and rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). A complaint must contain merely a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. § 8(a)(2)). Detailed factual allegations are not required. *Id.* In deciding a motion to dismiss, all material allegations of the complaint are taken as true and all reasonable inferences are drawn in Plaintiff's favor. *Cahill*, 80 F.3d at 338. "In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (*e.g.,* those facts presented in briefs, affidavits, or discovery materials). *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007).

To make a prima facie case for copyright infringement, a plaintiff need allege: (1) ownership of the allegedly infringed material and (2) that the defendants copied said material. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Because Star alleges (1) that it owns both the copyright and copyright registration in the Subject Design; (2) that its widespread sale of fabric bearing the Subject Design into the marketplace establishes Defendants' access; and (3) that the design on the Infringing Garments and the Subject Design are virtually identical, let alone substantially similar, Defendants' motion must be denied.

///

///

**IV.   Star specifically pleads that it owns a valid, registered copyright in its 60673 Design.**

Star alleges that it owns Design 60673 and has registered that design with the United States Copyright Office. (Complaint ¶ 8). Thus, Star's complaint properly alleges that it holds a valid copyright.

**V.   The Complaint sufficiently alleges Wet Seal's access and copying.**

From prior cases against Wet Seal for infringements of Star's designs, Star is aware that Wet Seal's vendors include Star customers;[3] however Wet Seal has thusfar concealed the identity of its vendor in this case violation of Local Rule 7-1.1 and a direct order of this Court.[4]  Nevertheless, the Complaint properly alleges infringemenet even without knowing who made the garments at issue for Wet Seal. As such, this motion must be denied.

> **A. Star's allegations of  sampling and sales are sufficient to raise a question as to widespread dissemination.**

Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981). An opportunity to view or copy may be established by evidence that "the plaintiff's work has been widely disseminated." *Three Boys Music Corp.*, 212 F.3d at 482.[5]

---

[3] *See e.g.*, *Star Fabrics Inc v. Poetry Corporation et al,*  Case 2:13-cv-07292-FMO-CW. Poetry Corp., the vendor to Wet Seal in that case, has been a longtime customer of Star.

[4] *See* Docket No. 18, Ordering Wet Seal to "file a Notice of Interested Parties pursuant to Local Rule 7.1-1 that shall contain the identity of all parties with a potential pecuniary interest in this case, including any manufacturers or vendors from whom it obtained the garments at issue." To date Wet Seal has not complied.

[5] "Circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the

Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated. *Art Attacks Ink, LLC v. MGA Enter. Inc., 581 F.3d 1138, 1143 (9th Cir. 2009).*

The truth concerning a defendant's obtainment of, or access to, the offending design is exclusively within its knowledge and records.  As such, a copyright plaintiff cannot be expected to plead those facts at the start of a case. *Campbell v. U.S.*, 365 U.S. 85, 81 S.Ct. 421 (1961) (litigant does not have burden of proof of establishing facts peculiarly within knowledge of adversary); *U.S. v. New York, N.H. & H.R. Co.*, 355 U.S. 253, 256, 78 S.Ct. 212, 214, 2 L.Ed.2d 247 (1957) (fairness dictates that litigant does not bear burden of establishing facts primarily within knowledge of opposing party); *G.E.J. Corporation v. Uranium Aire, Inc.*, 311 F.2d 749, 751 (9th Cir. 1962).

That said, Star alleges that it "widely disseminated fabric bearing Subject Design to numerous parties in the fashion and apparel industries." (Complaint ¶ 9). These allegations, which must be taken as true on a motion to dismiss, sufficiently allege a reasonable opportunity to copy. Indeed, the Ninth Circuit recently held that a plaintiff's distribution of just over 50,000 yards of fabric bearing the allegedly infringed artwork was sufficient to raise a question of fact as to widespread dissemination.  *LA Printex Industries, Inc. v. Aeropostale, Inc.* 676 F.3d 841, 847-48 (9th Cir. 2012).

Star alleges plausible ways that Defendants could have accessed its designs (Complaint ¶ 11). These methods, in combination with the sophistication of Wet

defendant's access to that work (such as through deals with a publisher or record company), or (2) the plaintiff's work has been widely disseminated." *Three Boys Music*, 212 F.3d at 482.

Seal and the fact that all parties operate in the Southern California apparel industry are sufficient allegations of access.

**B. Access may be presumed based on the striking similarity of the offending garment and Star's work.**

The Ninth Circuit employs a sliding scale approach to access and substantial similarity such that if two designs are "so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Three Boys Music*, 212 F.3d at 485 (in the absence of any proof of access, "a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar'"), citing *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996) and *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987) (access may be inferred from "striking similarity"), *cert. denied*, 484 U.S. 954 (1987); *Selle v. Gibb*, 741 F.2d 896, 903 (7th Cir. 1984) (a striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created).

Star specifically alleges that the individual artistic elements that comprise the design is  identical. (Complaint ¶ 10). As can be seen in the side-by-side images incorporated into Plaintif's Complaint, and as set forth more fully below, the allegations of the Complaint allow an inference of access and this motion must therefore be denied.

**C. The Complaint properly alleges copying of protectable elements of the Subject Design.**

Star alleges that it holds the copyright in the Design and that Wet Seal sold garments bearing a substantially similar pattern to the Subject Design. (Complaint ¶ 10). Thus, the Complaint sufficiently alleges substantial similarity.

As set forth above, the Ninth Circuit's opinion in *L.A. Printex Indus., Inc. v. Aeropostale, Inc.* held that the plaintiff's "original selection, coordination, and

arrangement of [floral] elements is protectable." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012). The court went on to hold that "there are gazillions of ways to combine petals, buds, stems, leaves, and colors in *floral designs on fabric*, in contrast to the limited number of ways to, for example, 'paint a red bouncy ball on black canvas' or make a lifelike glass-in-glass jellyfish sculpture. *Id.* at 851 (emphasis added).[6]

No reasonable person could argue that the Subject Design depicts flowers as they appear in nature—rather it is a stylized, artistic rendition of flowers. The direction, thickness, curvature, and other artistic rendering of that design is not given by nature, but by the artistic decisions of the author.

Given the virtually infinite ways to render floral elements in a textile design, it is particularly noteworthy in this case that the design appearing on the Infringing Garment is an near verbatim replica of the Subject Design. As shown below, the Subject Design and the design appearing on the Infringing Garment are the same:



Subject Design          Design on the Infringing Garment

 

The flowers in the above images contain the exact same indentations and pattern of indentations on each of its petals. The two smaller floral elements appear

_____

[6] The Ninth Circuit distinguished floral textile designs from the claims in *Sativa* stating: a "Unlike *Sativa*'s jellyfish sculptures … [L.A. Printex's design] is 'stylized and not lifelike,' and depicts not flowers as they appear in nature but an artistic combination of floral elements that is sufficiently original to merit copyright protection." *L.A. Printex,* 676 F.3d at 851 n.4.

in both the Subject Design and the design on the Infringing Garments. Finally, each floral element appearing on the Infringing Garments matches the arrangement of petals to its corresponding flower in the Subject Design. The images are the same in regards to each element found therein.

<u>Subject Design</u>                          <u>Design on Infringing Garment</u>

  

These images depict a large number of elements that are all arranged in the same manner. The positioning of the individual petals in each element is also exactly the same in both images. There are leaf elements each exhibiting the same patterns in the leaves, positioning, spacing in relation to the other elements, and length in both images. The sheer number of individual elements with analogs that are exactly the same goes beyond a claim of coincidence or similar expression— copying is the only reason for such exactitude. Again, the design appearing on the Infringing Garment is an exact facsimile of the Subject Designs.

Star seeks protection for its original artistic rendering contained in the Subject Design, and its Complaint properly alleges and demonstrates substantially similarity. So owing, Defendant's motion to dismiss for failure to state a claim must fail.

///

///

## VI.   If necessary, Star can certainly amend its Complaint

While certain that this Court will find Defendant's motion completely lackin in merit, Plaintiff asserts that it is certainly able to amend its pealing to address any perceived deficiency should this Court deem it necessary.

Federal Rule of Civil Procedure 15(a) (2) states that "the Court should freely give leave [to amend] when justice so requires." "Dismissal without leave to amend is improper unless it is clear … that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). The Ninth Circuit has held that Courts must apply this policy with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Plaitnif is certainly able to add additional allegations regarding its ownership of the design at issue, its registration of that design, Wet Seal's acces to that design, and the copying by Wet Seal of protectable expression.  As such, Star respectfully requests leave to amend in the event the Court finds the Complaint deficient in any way.

## VII.   Conclusion

Star's Complaint is properly pled. Star alleges facts with regard to each element of the claims contained therein. So owing, Defendant's motion to dismiss should be denied. In the alternative, Star respectfully requests the opportunity to file an amended pleading to address any perceived deficiencies.


Dated: November 14, 2014                    DONIGER / BURROUGHS

                                  By:   s/ Stephen M. Doniger
                                        Stephen M. Doniger, Esq.
                                        Howard S. Han, Esq.
                                        Attorneys for Plaintiff