Staci Jennifer Riordan, SBN 232659
Neal J. Gauger, SBN 293161
**NIXON PEABODY LLP**
555 W. Fifth Street, 46th Floor
Los Angeles, CA 90013-1010
Telephone: 213.629.6000
Facsimile: 213.629.6001
sriordan@nixonpeabody.com
ngauger@nixonpeabody.com

Attorneys for Defendant
THE WET SEAL, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> THE WET SEAL, INC., a Delaware Corporation; and DOES 1 through 10, <br><br> Defendants. | Case No.: 2:14-cv-07163-BRO-SH <br><br> Hon. Beverly Reid O'Connell <br><br> **DEFENDANT THE WET SEAL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** <br><br> Date:      Dec. 8, 2014 <br> Time:     1:30 p.m. <br> Ctrm.:    14 <br><br> Complaint Filed:    Sept. 12, 2014 <br> Discovery Cutoff:   None <br> Trial Date:       None |

# TABLE OF CONTENTS

Table Of Contents ....................................................................................................i

I.    INTRODUCTION ..........................................................................................1

II.   PLAINTIFF'S RELIANCE ON LEGAL CONCLUSIONS IS
      INSUFFICIENT UNDER IQBAL AND TWOMBLY .......................................1

III.  THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT
      INFRINGEMENT AND MUST BE DISMISSED……………………….…..2

      A.    Plaintiff Failed To Plead Ownership Of A Valid Copyright, And It
            Contains Insufficient Facts To Give Notice................................2

      B.    The Complaint Fails To Plead Access……………………………........3
            1.    The Complaint Must Plead Widespread Dissemination,
                  Which It Has Not Done……………………………………..3
            2.    Implying Access On A Motion To Dismiss Is Improper………5

      C.    The Complaint Fails To Allege Substantial Similarity…………………5

IV.   AT BEST, PLAINTIFF HAS ONLY A "THIN" COPYRIGHT……………….6

V.    SUBSTANTIAL SIMILARITY FAILS AS A MATTER OF
      LAW……………………………………………………………...…10

VI.   CONCLUSION………………………………………………………..11

1

2

3

## TABLE OF AUTHORITIES

**Page(s)**

4

**FEDERAL CASES**

5

6

*Aliotti v. R. Dakin & Co.,*
  831 F.2d 898 (9th Cir. 1987).............................................................................7

7

8

*Apple Computer, Inc. v. Microsoft Corp.,*
  35 F. 3d 1435 (9th Cir. 2002)......................................................................5, 6, 7

9

10

*Art Attacks Ink, LLC v. MGA Enter. Inc.,*
  581 F. 3d 1138 (9th Cir. 2009).....................................................................3, 4, 5

11

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955 (2007)................................................................1, 3

12

13

*Berkic v. Crichton,*
  761 F. 3d 1289 (9th Cir. 1985).........................................................................2

14

15

*Bissoon-Dath v. Sony Comp. Entm't America Inc.,*
  694 F. Supp. 2d 1071 (N. D. Cal. 2010) ..............................................................6

16

17

*Cosmetic Ideas, Inc. v. IAC/Interactive Corp.,*
  606 F. 3d 612 (9th Cir. 2010).........................................................................3

18

19

*Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.,*
  838 F. Supp 2d 607 (E.D. Mich. 2012) ...............................................................1

20

21

*Ets-Hokin v. Skyy Spirits, Inc.,*
  323 F. 3d 763 (9th Cir. 2003)........................................................................10

22

23

*Express, LLC v. Fetish Group, Inc.,*
  424 F. Supp. 2d 1211 (C.D. Cal. 2006).........................................................10, 11

24

*Funky Films, Inc. v. Time Warner Entm't, Inc.*
  462 F. 3d 1072 (9th Cir. 2006).........................................................................5

25

26

*Iqbal v. Ashcroft,*
  556 U.S. 662, 129 S. Ct. 1937 (2009)........................................................... passim

27

28

ii

*Jason v. Fonda,*
    526 F. Supp. 774 (C.D. Cal. 1982) ..................................................................3

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.,*
    676 F. 3d 841 (9th Cir. 2012) ......................................................................9

*Lucky Break Wishbone Corp. v. Sears Roebuck and Co.,*
    528 F. Supp. 2d 1106 (W.D. Wash. 2007) ......................................................7

*National Security Counselors v. C.I.A.,*
    898 F. Supp. 2d 233, 268 (D.C Cir. 2012) .....................................................10

*Reed Elsevier, Inc. v. Muchnick,*
    559 U.S. 154, 130 S.Ct. 1237 (2010) ..........................................................3

*Satava v. Lowry,*
    323 F. 3d 805 (9th Cir. 2003) .............................................................7, 10

*Rice v. Fox Broad. Co.,*
    330 F. 3d 1170 (9th Cir. 2003) .............................................................3, 5

*Zella v. The E.W. Scripps Co.,*
    529 F. Supp. 2d 1124. (C.D. Cal. 2007) .......................................................10

**FEDERAL STATUTES**

17 U.S.C. § 411(a) .......................................................................................2

iii

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      <u>INTRODUCTION</u>**

3       Plaintiff Star Fabrics, Inc. ("Star" or "Plaintiff") builds its opposition (the

4   "Opposition") to the Motion to Dismiss (the "Motion") on an irrelevant and unrelated

5   litigation victory against Defendant The Wet Seal, Inc. ("Wet Seal" or "Defendant").

6   Plaintiff does this in order to distract from an irrefutable truth – its Complaint in the

7   instant matter is insufficiently pled.

8       The purpose of a complaint is to provide a defendant with notice of a plaintiff's

9   claim.  This is especially true in copyright actions, which are readily susceptible to

10  abusive litigants.  *Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.*, 838

11  *F. Supp 2d 607, 611 (E.D. Mich. 2012)*.  As set forth in the Motion and below, the

12  Complaint fails as it does not plead sufficient facts to maintain a cause of action for

13  copyright infringement.  The Complaint also fails as Plaintiff is effectively claiming a

14  monopoly on depictions of the Marguerite Daisy (the "Daisy").  Accordingly, Wet

15  Seal respectfully requests that the Court dismiss the Complaint in its entirety, with

16  prejudice.

17  **II.     <u>PLAINTIFF'S RELIANCE ON LEGAL CONCLUSIONS IS</u>**

18  **<u>INSUFFICIENT UNDER *IQBAL* AND *TWOMBLY*</u>.**

19      A complaint must contain sufficient *factual* matter, accepted as true, to state a

20  claim to relief that is plausible on its face.  *Iqbal v. Ashcrof ("Iqbal"), 556 U.S. 662,*

21  *667-68, 129 S. Ct. 1937 (2009)*; *Bell Atlantic Corp. v. Twombly ("Twombly"), 550*

22  *U.S. 544, 557, 127 S. Ct. 1955 (2007)* .  Mere legal conclusions, as presented in the

23  Complaint, and repeated again in the Opposition, may not be accepted as true, and do

24  not establish a plausible claim for relief.  *Iqbal, 556 U.S. at 677-78*.  In other words, a

25  court may not accept, as pled here, "naked assertion[s] devoid of "further factual

26  enhancement."  *Id., quoting Twombly, 550 U.S. at 557*.

27

28

1

1   Plaintiff's assertion in the Opposition that it "has met its burden of alleging
2   facts" does not make that statement true.   Opp., p. 2.   Indeed, it is yet another legal
3   conclusion without basis.   Plaintiff refuses to acknowledge or meet the required
4   pleading standards, and thus the Complaint's defects cannot be cured.   Accordingly,
5   Wet Seal requests dismissal with prejudice.

6   **III.   THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT**
7         **INFRINGEMENT AND MUST BE DISMISSED**

8   In the Motion, Wet Seal alleges that Plaintiff fails to properly plead copyright
9   infringement.   Specifically, Plaintiff has failed to plead (1) Plaintiff's ownership of a
10  valid copyright registration or application; (2) access by Wet Seal; and (3) substantial
11  similarity between the Flower Pattern and the Garment.   *Berkic v. Crichton*, 761 F. 3d
12  1289, 1291-92 (9th Cir. 1985).   The Opposition did not cure these defects.
13  Accordingly, the Complaint is fatally flawed, and it must be dismissed.

14  **A.   Plaintiff Failed To Plead Ownership Of A Valid Copyright, And It**
15        **Contains Insufficient Facts To Give Notice**

16  In the Motion, Wet Seal plainly demonstrates Plaintiff's failure to properly
17  plead ownership of a valid copyright registration.   In doing so, Wet Seal points out
18  Plaintiff's failure to attach a copyright registration, provide the deposit material for
19  that registration, or even reference the registration *number* of the Flower Pattern.   The
20  Opposition does not bother to correct these pleading defects, merely repeating that
21  Wet Seal has allegedly infringed a design entitled "Design 60673," and positing,
22  without supporting authority, that it is protected by "a valid copyright."   Opp., p. 4.

23  Not only are these statements insufficient; they blatantly ignore black-letter law
24  regarding when a party has standing to bring a copyright cause of action.

25  In the Central District of California, to have standing and meet the registration
26  requirements of 17 U.S.C. section 411(a), a Plaintiff must plead either a copyright
27  registration number or allege it submitted an application to the copyright office, along

28

with sufficient facts so that a defendant has notice of the work allegedly infringed. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166, 130 S.Ct. 1237 (2010); *Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F. 3d 612, 615 (9th Cir. 2010). The Complaint and Opposition ignore this requirement.

Wet Seal is not required to guess, what, if any, copyright registration applies to the Flower Pattern. Under *Iqbal* and *Twombly*, Plaintiff is required to allege sufficient facts to give Wet Seal notice of its claims. The Complaint's inadequate and conclusory language does not meet this standard, and the Opposition does not cure its fatal defects. The Complaint must be dismissed as it fails to offer "fair notice of a legally cognizable claim and the grounds upon which the claim rests." *Twombly*, 550 U.S. at 555.

**B.   The Complaint Fails To Plead Access**

**1.   The Complaint Must Plead Widespread Dissemination, Which It Has Not Done**

The Opposition concedes that the Complaint does not contend that Wet Seal had direct access to the Flower Pattern, or that there was a chain of events demonstrating Wet Seal's alleged access to the Flower Pattern. Opp., pp. 4-6.

Thus, as recognized by the Opposition, the only way for Plaintiff to avoid dismissal is to plead access by alleging facts "showing that the plaintiff's work has been widely disseminated." *Art Attacks Ink, LLC v. MGA Enter. Inc.*, 581 F. 3d 1138, 1143 (9th Cir. 2009).

Despite this, the Complaint is devoid of any allegations of wide-spread dissemination. *See Art Attacks Ink*, 581 F. 3d at 1144-45 (sales of t-shirt over the Internet and at county fair where millions attended was not wide spread dissemination); *See Rice v. Fox Broad. Co.*, 330 F. 3d 1170, 1178 (9th Cir. 2003) (19,000 videos sold over a 13- year period was not wide spread dissemination); *See Jason v. Fonda*, 526 F. Supp. 774, 776 (C.D. Cal. 1982) (2,000 copies of books sold

3

1  nationwide with 700 units sold in California did not create more than a bare

2  possibility of access).

3      The Opposition does not attempt to correct the Complaint's failure to properly

4  plead widespread dissemination.  Instead, it merely parrots the Complaint's

5  conclusory allegation that Plaintiff "widely disseminated fabric bearing [Design

6  60673] to numerous parties in the fashion and apparel industries."[1]  Opp. p. 5; Compl.

7  ¶ 9.

8      First, as discussed at length in the Motion, this statement is insufficient to meet

9  the required pleading standard, as Plaintiff must (1) plead facts showing that the

10  Flower Pattern was widespread; and (2) must do so by quantifying the temporal and

11  other factual context for their sales figures.  Iqbal, U.S. at 677-78; Art Attacks Ink, 581

12  F. 3d at 1144-45.

13     Second, as discussed above, the Opposition concedes that Plaintiff is not

14  alleging direct access, so Wet Seal is not one of the "numerous parties" to whom the

15  Flower Pattern was allegedly "widely disseminated."

16     Third, the mere possibility that Wet Seal had access to the Flower Pattern does

17  not meet the plausibility standard set forth in Iqbal.  556 U. S. at 677-78; 4 M.B.

18  Nimmer & D. Nimmer, NIMMER ON COPYRIGHT § 13.02[A] (2013) ("mere speculation

19  or conjecture" is insufficient to establish access).

20  //

21  //

22  _____

23  [1] In the Opposition, Plaintiff claims that Wet Seal has violated Local Rule 7-1.1 and
    an order of this Court as it did not provide the name of its vendor in the Notice of
24  Interested Parties filed by Wet Seal on November 13, 2014.  Opp., p. 4; See Docket
    No. 15.  This argument is disingenuous.  Wet Seal's vendor, RW Seven, has gone
25  out of business, and a diligent search by Wet Seal has not located it or any
    representative of the company; thus, RW Seven does not have a pecuniary interest in
26  the outcome of this case.  Riordan Reply Decl. ¶ 2.  Moreover, Plaintiff was
    informed on October 21, 2014 that RW Seven had gone out of business; it has made
27  its allegation in the Opposition knowing that there is no interested party for Wet Seal
    to disclose.  Riordan Reply Decl. ¶ 3.

28                                    4

## 2.   Implying Access On A Motion To Dismiss Is Improper.

The Opposition also argues, without context or further legal support, that access should be implied due to Wet Seal's "sophistication."  The sophistication of a party is not a factor in considering whether access has been properly pled.  *See Art Attacks Ink*, 581 F. 3d at 1143-44.

Lastly, the Opposition attempts to cure its failure to plead access by arguing that that the works at issue are strikingly similar, and that, as a result, the Court should *presume* access.  Opp. p. 5.  This is improper.

The "inverse ratio rule" posits that where a defendant **concedes** access, a plaintiff's burden of proving substantial similarity is less stringent.  Opp. p. 5.  Far from conceding access, Wet Seal has shown that **Plaintiff has not pled it**. Thus, the inverse ratio rule is inapplicable.  *Rice*, 330 F. 3d at 1178.

Even if the inverse ratio rule applied here – which it does not – Plaintiff fails to *plead* that the works are "strikingly similar," a fatal flaw.  This argument's placement in the Opposition is "too little, too late."  The Court cannot "read in" the presence of language that is not contained in the Complaint. As discussed in the Motion, as well as below, the works are not strikingly similar. Even if they were, Plaintiff has not pled that allegation.   Accordingly, dismissal for failing to properly plead access is warranted.

Plaintiff has not pled a single ***fact*** demonstrating widespread dissemination. Thus, as there are no facts before the Court regarding access, Plaintiff's copyright infringement Complaint must be dismissed with prejudice.  *Iqbal*, U.S. at 677-78.

## C.   The Complaint Fails To Allege Substantial Similarity

The Complaint must also be dismissed because Plaintiff failed to properly plead substantial similarity.  To meet the pleading requirement, Plaintiff is required to plead "the sources of the alleged similarity between his work and the defendant's work." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F. 3d 1435, 1443 (9th Cir. 2002)

5

1   ("*Apple*"); *Funky Films, Inc. v. Time Warner Entm't, Inc*. 462 F. 3d 1072, 1072 (9th

2   Cir. 2006).    Any allegations of similarity must be of protected elements, not

3   unprotectable elements or ideas in the public domain.    *Bissoon-Dath v. Sony Comp.*

4   *Entm't America Inc*., 694 F. Supp. 2d 1071, 1079 (N. D. Cal. 2010), *aff'd and adopted*

5   *by* 653 F. 3d 898 (9th Cir. 2011) (published without opinion).

6          As set forth in the Motion, the Complaint states only a single conclusory

7   sentence in its attempt to satisfy the substantial similarity pleading requirement – that

8   Wet Seal "distributed and sold fabric and/or garments comprised of fabric featuring a

9   design which is identical or substantially similar to [Design 60673]." Compl. ¶ 10.

10   Despite being required to identify protected elements and plead alleged sources of

11   similarity between the Flower Pattern and the Garment, Plaintiff has done neither.

12   This defect is not cured in the Opposition, where Plaintiff (1) continues to present

13   vague conclusions in lieu of actual facts; and (2) fails to differentiate between the

14   unprotected and protected (if any) elements of the Flower Pattern. Thus, Plaintiff has

15   not and cannot meet the bare minimum required – pleading substantial similarity of

16   the protectable elements, if any, in the Flower Pattern. Thus, dismissal is warranted.

17          In sum, given Plaintiff's failure to plead ownership of a copyright registration

18   or application, access by Wet Seal, and substantial similarity between the Flower

19   Pattern and the Garment, the Complaint fails to state a claim for copyright

20   infringement and must be dismissed with prejudice.

21          **IV.    AT BEST, PLAINTIFF HAS ONLY A "THIN" COPYRIGHT**

22          As discussed in Section III of this Reply, Plaintiff's Complaint and Opposition

23   only plead and discuss the Flower Pattern as a contiguous whole – it wishes the Court

24   to consider the Flower Pattern in its entirety, rather than properly analyzing its

25   constituent elements. Compl. ¶ 10; Opp. p. 5-7. As shown below, Plaintiff does this

26   knowing that many, if not all, of the elements within the design are unprotectable.

27   The Court must not tolerate this tactic. Instead, it must perform the required filtration

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS        CASE NO. 2:14-CV-07163-BRO-SH

4851-1835-4208.2

1   and examine the protectability of each *element* prior to comparing the Flower Pattern

2   and the Garment.

3         Even if Plaintiff had pled any factual similarities, it is precluded from claiming

4   copyright protection over "ideas, first expressed by nature," as they are "the common

5   heritage of humankind, and no artist may use copyright law to prevent others from

6   depicting them." *Satava v. Lowry*, 323 F. 3d 805, 812 (9th Cir. 2003).  Moreover,

7   copyright protection may not be granted to elements that are "standard, stock, or

8   common to a particular subject matter." *Id., citing See v. Durang*, 711 F. 2d 141, 143

9   (9th Cir. 1983).  With these standards in mind, the Court must compare only the

10  *protectable elements* of the Flower Pattern to the Garment.   This ensures that

11  unprotectable expression does not form the basis for a determination of substantial

12  similarity, thereby "confer[ring] a monopoly of [an] idea upon the copyright owner."

13  *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987).

14        It is from this basis that the concept of a "thin copyright" emerges.   "[A] thin

15  copyright 'compris[es] no more than [the artist's] original contribution to ideas

16  already in the public domain.'"  *Lucky Break Wishbone Corp. v. Sears Roebuck and*

17  *Co.*, 528 F. Supp. 2d 1106, 1123-1124 (W.D. Wash. 2007) (*quoting Satava*, 323 F. 3d

18  *at 812*).  A determination of whether a work is entitled to thin or broad protection is

19  determined on a case by case basis.  *Apple*, 35 F. 3d at 1446 ("[w]hich end of the

20  continuum a particular work falls on is a call that must be made case by case.").

21        Here, many – if not all – elements of the Flower Pattern are "standard, stock, or

22  common" elements of floral fabric patterns, as well as "ideas, first expressed by

23  nature."  Accordingly, they are not protectable.  As discussed in the Motion and

24  demonstrated by the fabric pattern samples provided by Wet Seal for this Court's

25  judicial notice, the Flower Pattern and its constituent elements are virtually identical

26  to widely-disseminated public domain patterns:

27  //

28                                              7

**Plaintiff's Alleged Flower Pattern**



**Samples From The Public-Domain Florals Collection**



Riordan Decl., ¶ 3, Exhibit A.

The images presented below Plaintiff's alleged Flower Pattern are selections from public domain patterns available in *Florals: Graphical Flower Designs, Vol. 1* and *Florals: Graphical Flower Designs, Vol. 2* (the "Florals Collections"), pattern "idea" books published by Belvedere Books, Inc. which are available to the public and fabric designers alike around the world.  *Id.*  Even a cursory comparison between the alleged Flower Pattern and the samples from the Florals Collections reveals many similarities, including (1) the monochrome flower shapes directly adjacent to the Daisy; (2) groupings of small clustered flowers which echo the construction of the larger elements; and (3) the use of extended leaves and branches.  These depictions

1   are decidedly "stock," not only appearing in many public domain designs, but often

2   appearing paired with large floral elements, such as the Daisy.  *Id.*

3          Because these elements are common and within the public domain, they are not

4   protectable.  Moreover, they are also "ideas, first expressed by nature."  Thus, in

5   considering the Flower Pattern, the Court must filter out these elements and grant only

6   a "thin" copyright, if any.  *See L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.

7   3d 841, 850 (9th Cir. 2012) ("*L.A. Printex*") (finding that "[the plaintiff's image] has

8   elements that are not protectable, for example the combination of open flowers and

9   closed buds in a single bouquet or the green color of stems and leaves.").

10         Similarly, the very heart of the Flower Pattern, the flower itself, is not

11  protectable under U.S. Copyright law.  As discussed at length in the Motion – and as

12  undisputed by the Plaintiff – the main flower within the Flower Pattern is a depiction

13  of a naturally-occurring species – *argyranthemum frutescens*, commonly known as the

14  Marguerite Daisy.  Riordan Decl., ¶ 5; Exhibit C.  Plaintiff also does not dispute the

15  applicability of *Cosmos Jewelry Ltd. v. Po Sun Hon Co., et al*., to this case, which

16  holds that an "artistic interpretation" of a flower element is not copyrightable as the

17  element "inevitably follow[s] from the idea of natural phenomena."  470 F. Supp. 2d

18  1072, 1076, 1082 (C.D. Cal. 2006).

19         In fact, Plaintiff describes the Flower Pattern in the Opposition as "an artistic

20  rendering," thereby agreeing that the Daisy element (1) falls directly within the

21  purview of *Cosmos*; and (2) is therefore unprotectable.  Opp., p. 8.  Indeed, while

22  Plaintiff argues that as a *whole* the "artistic rendering of [Design 60673] is not given

23  by nature, but by the artistic decisions of the author," this has no bearing on the

24  protectability of the *element* of the Daisy *within* the Flower Pattern.

25         In short, by its own language, Plaintiff suggests that the depiction of the Daisy

26  element is unprotectable.  Furthermore, (1) the monochrome flower shapes directly

27  adjacent to the Daisy; (2) groupings of small clustered flowers which echo the

28                                              9

1  construction of the larger elements; and (3) the use of extended leaves and branches in

2  the Flower Pattern similarly lack protection.  Thus, at the very least, these elements

3  must be filtered out prior to comparison of the Flower Pattern and the Garment.

4  **V.    SUBSTANTIAL SIMILARITY FAILS AS A MATTER OF LAW**

5          Even if the above defects could be cured, which they cannot, the Complaint

6  must still be dismissed as the works are not substantially similar as a matter of law.[2]

7          Notably, Plaintiff did not even oppose Wet Seal's argument that the Complaint

8  must be dismissed as the Daisy and Flower pattern are not substantially similar as a

9  matter of law.  *See generally,* Opp.  Therefore, Plaintiff has conceded the issue and

10  dismissal with prejudice is warranted.  *Nat. Sec. Counselors v. C.I.A.*, 898 F. Supp. 2d

11  233, 268 (D.C Cir. 2012) ("[T]he Court may treat the plaintiff's failure to oppose the

12  defendant's 12(b)(6) arguments as a decision to concede those arguments.").

13          Assuming, *arguendo*, that Plaintiff had discussed substantial similarity as a

14  matter of law, on a motion to dismiss, only the extrinsic test is relevant.  *Zella v. The*

15  *E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1133, n.8. (C.D. Cal. 2007).  After filtering

16  out all unprotectable and non-original elements, as discussed above, the Court must

17  analyze the remaining protectable elements, if any.  Here, even if the Court determines

18  that Plaintiff has contributed some original expression to the unprotectable elements

19  discussed above (which Wet Seal contends it did not), the Court may only hold that

20  Plaintiff has a "thin" copyright in any such original element(s) as a matter of law.

21  *Satava*, 323 F. 3d at 812; *Express, LLC v. Fetish Group, Inc.*, 424 F. Supp. 2d 1211,

22  1226 (C.D. Cal. 2006).

23          Thus, Plaintiff must plead – and eventually prove – virtual identity to succeed

24  on its claim.  *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F. 3d 763, 766 (9th Cir. 2003)

25

26  _____

27  [2] Assuming, *arguendo*, if substantial similarity is not satisfied, Plaintiff will fail to
   meet the higher standard of Virtual Identity.

28

1   (holding that the plaintiff possessed a "'thin' copyright which protects against only

2   virtually identical copying").

3          Plaintiff simply cannot meet this standard.  First, where the Daisy in the Flower

4   Pattern has a tall, narrow, and elongated shape, the flower on the Garment presents

5   with a fatter, "squarer" presentation.  Riordan Decl., ¶¶ 4, 5 Exhibits B and C.

6   Second, where the petals on the Daisy in the Flower Pattern are separated from each

7   other, the Daisy petals on the Garment are clumped into thicker, muddier groupings.

8   Id.  Third, whereas the elements of the Flower Pattern are placed in close proximity to

9   each other, the elements of the Garment utilize and emphasize the greater amount of

10  "negative" space between them.  Id.  In sum, even when dissected by individual

11  elements, virtual identity does not exist between the Flower Pattern and the Garment.

12         Finally, Plaintiff fails to address the relevance of Express, which holds that a

13  copyright may be claimed as to "the way [the pattern] is placed and presented" on a

14  garment of clothing, including the "look of the [pattern]" on the garment.  424 F.

15  Supp. 2d at 1225.  Once again, Plaintiff's silence should be interpreted by this Court

16  as agreement that the Garment's use of the Daisy and other flowers must be

17  considered in any analysis as to whether the Flower Pattern and the Garment are

18  virtually identical. Because the Garment and the use of the Daisy and other elements

19  upon it is shaped and defined through the use of intricate pleating under the wearer's

20  bust and dramatic draping across the wearer's décolletage, it is decidedly different

21  from the broad, flat "look" of the Flower Pattern.

22         Thus, as the works at issue are not virtually identical, as required for images

23  with "thin" copyright protection, Plaintiff's Complaint, and the cause of action for

24  copyright infringement within it, must be dismissed as a matter of law.

25  **VI.     CONCLUSION**

26         Plaintiff's pleading is insufficient, and the Opposition makes little, if any, effort

27  to rectify its failures.  For all of the foregoing reasons, and because amendment will

28                                                    11

1    not cure the Complaint's defects, Defendant The Wet Seal, Inc. respectfully requests

2    that Plaintiff's Complaint be dismissed in its entirety with prejudice.

3    Dated:  November 24, 2014            NIXON PEABODY LLP

4

5

6                                By   */s/ Staci Jennifer Riordan*
                                      Staci Jennifer Riordan
7                                     Neal J. Gauger
                                      Attorneys for Defendant
8                                     THE WET SEAL, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS        CASE NO. 2:14-CV-07163-BRO-SH

4851-1835-4208.2