LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS)

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]

## I.   INTRODUCTION

This matter involves the alleged copyright infringement of Plaintiff Star Fabric, Inc.'s ("Star") floral textile design. Defendant The Wet Seal, Inc. ("The Wet Seal") asserts that Star has failed to state a claim for infringement and accordingly moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** The Wet Seal's Motion to Dismiss. Although The Wet Seal seeks dismissal with prejudice, the Court finds that amendment would not be futile and accordingly grants Star leave to amend.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Star is a California corporation and the alleged owner of a copyright for a two-dimensional textile print design entitled "60673." (Compl. ¶¶ 4, 8.) The design depicts a floral pattern with an arrangement of pink, white, yellow, scarlet, and gray flowers on a black background. (*See id.* ¶ 10.) One of the design's most prominent depictions is a white daisy. (*Id.*)

Defendant The Wet Seal is a Delaware corporation conducting business in California. (Compl. ¶ 5.) Star alleges that The Wet Seal infringed its copyright by distributing and selling garments featuring an identical or substantially similar design.

Case 2:14-cv-07163-BRO-SH   Document 23   Filed 12/02/14   Page 2 of 11   Page ID #:147

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

(*Id.* ¶ 10.) Star seeks an injunction, damages, attorneys' fees, interest, and costs for the alleged infringement. (*Id.* at 4–5.)

Star initiated this lawsuit on September 12, 2014, invoking this Court's jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1.) The Complaint seeks relief pursuant to The Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (*Id.*) The Wet Seal filed the instant Motion to Dismiss on November 7, 2014. (Dkt. No. 13.) Star timely opposed (Dkt. No. 21), and The Wet Seal timely replied (Dkt. No. 22.)

## III.   LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV.   REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v.*

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

*Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice on its own." *Id.* 201(c)(1). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* 201(c)(2); *see also In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

      The Wet Seal requests the Court take judicial notice of various documents. These include: (1) copies of seven fabric patterns from *Florals: Graphical Flower Designs, Vols. 1* and *2* (collectively, *Florals Vols. 1* and *2*); and (2) an image of the *bellis perennis*, commonly known as the English Daisy. (*See* Def.'s Req. for Judicial Notice ("RJN") at 2.) In the context of a copyright dispute, a court "may take judicial notice of generic elements of creative works." *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007). The seven fabric patterns from *Florals Vols. 1* and *2* are within the public domain and represent generic elements of floral pattern design. Judicial notice of these patterns is therefore proper. *Id.*

      The Court denies the request for judicial notice of Exhibit C, which The Wet Seal's counsel declares is an image of the English Daisy, because it is not clear the image is capable of accurate and ready determination. Throughout its moving papers, The Wet Seal argues that Star's design depicts a species called *argyranthemum frutescens*, commonly known as the Marguerite Daisy. (*See, e.g.*, Def.'s Mot. to Dismiss at 3, 15–16.) The discrepancy between The Wet Seal's moving papers and its request for judicial notice leaves the Court to question whether Exhibit C depicts an English Daisy or a Maguerite Daisy. Regardless, the Court's refusal to judicially notice this image has not affected its decision in this matter. The Court's conclusion that Star's design is stylized and therefore entitled to copyright protection is based on an assessment of the design itself, without comparison to outside sources.

Case 2:14-cv-07163-BRO-SH Document 23 Filed 12/02/14 Page 4 of 11 Page ID #:149

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

Although The Wet Seal has not formally requested that the Court take judicial notice of Exhibit B, this exhibit may be judicially noticed, and the Court takes such notice *sua sponte*. Exhibit B is an image of a garment produced by The Wet Seal bearing the allegedly infringing design. The Court may properly consider this exhibit as a material relied upon by the Complaint. *See Marder*, 450 F.3d at 448; *see also Zella*, 529 F. Supp. 2d at 1128 (taking judicial notice of allegedly infringing television episodes in a copyright infringement dispute). The Court also takes judicial notice of the certificate of registration for Star's design. The certificate is a public record and therefore a proper subject for judicial notice. *See Marder*, 450 F.3d at 448.

In sum, The Wet Seal's request for judicial notice is **GRANTED in part** and **DENIED in part**. The Court takes judicial notice of Exhibits A and B attached to the declaration of Staci Jennifer Riordan, as well as the certificate of registration for Star's design. The Court will consider these exhibits but will not consider Exhibit C.

## V. DISCUSSION

A prima facie case for copyright infringement requires proof of the following two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). A plaintiff may prove the second element by direct or circumstantial evidence. *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). Circumstantial evidence of copying requires proof of both of the following: "(1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar." *Id.* (citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)). As discussed below, the Court finds that Star has failed to adequately allege the second element of a prima facie copyright infringement claim. The Court therefore **GRANTS** The Wet Seal's Motion to Dismiss.

### A. Star Has Adequately Alleged Ownership of a Valid Copyright

A certificate of registration made before or within five years after a work's first publication constitutes prima facie evidence of copyright validity. *See* 17 U.S.C. § 410(c). Once the plaintiff proffers a certificate of registration, the burden of proof shifts to the defendant to prove the copyright's invalidity. *Entm't Research Grp., Inc. v.*

Case 2:14-cv-07163-BRO-SH Document 23 Filed 12/02/14 Page 5 of 11 Page ID #:150

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

*Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997). The Complaint alleges Star's ownership and registration of a copyright for the design entitled "60673." (*See* Compl. ¶ 8.) Although Star did not attach a copy of the certificate of registration to the Complaint, the Court has taken judicial notice of this document. The certificate verifies that the design was registered within five years after its first publication and is therefore prima facie evidence of the copyright's validity.

Accordingly, the burden of proof shifts to The Wet Seal to prove invalidity. *See Entm't Research Grp.*, 122 F.3d at 1217. But The Wet Seal has not contested the validity of Star's copyright on any grounds other than the technical failure to attach a copy of the certificate to the Complaint. (*See* Def.'s Mot. to Dismiss at 6–7.) As a result, the Court finds that Star has properly alleged ownership of a valid copyright.

### B. Star Has Inadequately Alleged Copying of the Design's Protected Elements

As indicated above, Star must adequately allege copying of the design's protected elements to state a claim for copyright infringement. *See Feist Publ'ns*, 499 U.S. at 361. The Complaint does not allege facts constituting direct evidence of copying. (*See generally* Compl.) As a result, Star must allege facts demonstrating The Wet Seal's access to its design and substantial similarity between its design and The Wet Seal's allegedly infringing design. *See L.A. Printex*, 676 F.3d at 846.

#### 1. Star Has Failed to Adequately Allege Access

"Proof of access requires 'an opportunity to view or to copy [the] plaintiff's work.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (quoting *Sid and Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977)). A plaintiff must demonstrate "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attack Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Access may be proven by direct or circumstantial evidence. *Id.* To adequately allege access by circumstantial evidence, a plaintiff must allege facts either: "(1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id.*

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

Star's attempt to establish access by a chain of events fails to demonstrate a reasonable possibility that The Wet Seal had the chance to view its design. The Complaint alleges that The Wet Seal had access to the design based on access to: (1) Star's showroom or design library; (2) illegally distributed copies of the design; (3) Star's strike-offs and samples; and (4) lawfully manufactured garments in the marketplace bearing the design. (Compl. ¶ 11.) As The Wet Seal argues in its Motion to Dismiss, these allegations amount to no more than a speculative list of the potential ways The Wet Seal could have theoretically accessed Star's design. (*See* Def.'s Mot. to Dismiss at 8.) Because the Complaint fails to allege any concrete facts specifically linking The Wet Seal to the protected design, Star has not adequately alleged access by a chain of events. *See Art Attacks Ink*, 581 F.3d at 1143–44 (finding no chain of events where the plaintiff proffered evidence that one of the defendant's decision-makers attended a county fair where the plaintiff displayed its designs because there was no evidence the decision-maker saw the design or visited the fair during the relevant time period); *cf Dillon v. NBCUniversal Media LLC*, No. CV 12-09728 SJO AJWX, 2013 WL 3581938, at *4 (C.D. Cal. June 18, 2013) (finding a chain of events based on the allegations that the plaintiff sent a copy of the work to a person with a known business relationship with the defendant, and that the person approached one of defendant's executives about the work).

Star has also failed to adequately allege access by widespread dissemination. In conclusory fashion, the Complaint alleges that Star "widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries." (Compl. ¶ 9.) But the Complaint alleges no facts to support this allegation. (*See generally id.*) For example, Star does not allege the approximate quantity of fabric bearing the design that it has distributed. Nor has Star alleged the approximate number of parties in the fashion and apparel industries to whom it has distributed the design. In short, because the Complaint fails to quantify the design's dissemination in any way, it falls short of demonstrating a *reasonable* possibility of access. *See Bell Atl. Corp.*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

Nevertheless, Star's failure to adequately allege facts demonstrating The Wet Seal's access to the design is not necessarily fatal to its copyright infringement claim. Under Ninth Circuit precedent, "substantial similarity is inextricably linked to the issue of access." *Three Boys Music Corp.*, 212 F.3d at 485. Thus, even where a plaintiff fails to demonstrate access, the plaintiff may still state a claim for infringement by showing

Case 2:14-cv-07163-BRO-SH Document 23 Filed 12/02/14 Page 7 of 11 Page ID #:152

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

that the works are "strikingly similar." *Id.* (citing *Smith*, 84 F.3d at 1220). This is because a "striking similarity" between the works "may give rise to a permissible inference of copying." *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). Accordingly, the Court must consider whether Star and The Wet Seal's designs are not only substantially similar, but strikingly so.

### 2. The Designs Are Substantially But Not Strikingly Similar

The test for substantial similarity involves an extrinsic and intrinsic inquiry. *Funky Films, Inc. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). The extrinsic test is objective and "focuses on the 'articulable similarities' between the two works." *L.A. Printex*, 676 F.3d at 848 (quoting *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)). The intrinsic test is subjective and considers "'whether the ordinary, reasonable audience' would find the works substantially similar in the 'total concept and feel of the works.'" *Id.* (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). On a motion to dismiss, the Court need only address the extrinsic test, as the intrinsic test must be resolved by a jury. *See Funky Films*, 462 F.3d at 1077; *see also Zella*, 529 F. Supp. 2d at 1133, n.8 (addressing only the extrinsic test on a motion to dismiss).

In applying the extrinsic test, a court must first distinguish between the work's protectable and unprotectable elements. *L.A. Printex*, 676 F.3d at 849. This is because the court's inquiry is limited to whether the protectable elements are substantially similar. *Id.* In the context of fabric designs, a court must examine "the similarities in their objective details in appearance, including, but not limited to, the subject matter, shapes, colors, materials, and arrangement of the representations." *Id.* (internal quotation marks omitted).

The Ninth Circuit's recent decision in *L.A. Printex* governs the Court's application of the extrinsic test in this case. In that case, the Ninth Circuit held that stylized fabric designs are entitled to broad copyright protection. 676 F.3d at 851. The fabric design at issue consisted of a repeating pattern of bouquets of flowers and three-leaf branches. *Id.* at 850. The court concluded that although "[t]he idea of a floral pattern depicting bouquets and branches is not protectible (*sic*)," the plaintiff's design still contained protectable elements, such as the "original selection, coordination, and arrangement" of

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

its unprotectable elements. In comparing the plaintiff's design to the allegedly infringing product, the court considered the size and orientation of the bouquets and branches; the shape and number of flower petals and leaves; the angle at which the bouquets were arranged; the spatial arrangement of the bouquets and branches; the color scheme; and the overall scale and layout of the designs. *Id.* at 851.

The Wet Seal argues that Star's design is not entitled (or entitled to only thin) copyright protection because it utilizes stock elements found in many floral fabric patterns and depicts flowers as they appear in nature. (*See* Def.'s Mot. to Dismiss at 12–20.) The Court is mindful that "ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them." *Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003). The *L.A. Printex* decision affirmed this concept by stressing that copyright protection does not extend to "ideas recurring in nature, such as flowers with brightly colored petals, stems, and buds, because brightly colored flowers exist in nature." 676 F.3d at 850, n.4. Nevertheless, the court found that the floral design at issue was sufficiently original to warrant copyright protection because it was "stylized and not lifelike" and "depict[ed] not flowers as they appear in nature but an artistic combination of floral elements." *Id.* (internal quotation marks omitted).

Like the design in *L.A. Printex*, Star's design is sufficiently stylized and artistic to amount to an original work of authorship meriting copyright protection. Contrary to The Wet Seal's assertion, the design does not depict flowers as they appear in nature. Instead, the design hinges on "an artistic combination of floral elements," including the prominent, un-lifelike white daisy, abstract leaves, and an array of other stylized flowers of varying size, scale, and orientation. (*See* Compl. ¶ 10.) Under *L.A. Printex*, the design is therefore entitled to broad copyright protection. 676 F.3d at 851.[1]

---

[1] The Wet Seal relies on *Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F. Supp. 2d 1072 (C.D. Cal. 2006) for the proposition that artistic depictions of flowers are not entitled to copyright protection. (Def.'s Mot. to Dismiss at 14–15.) But the *Cosmos* court did not find the plaintiff's plumeria flower jewelry designs entirely unprotectable. Instead, the court distinguished between the copyrightable and non-copyrightable elements and concluded that protection only extended to "the minute characteristics of the blossom petals, the arrangement of blossoms and other flourishes in different variations on the 'multi-blossom' pendants, rings, earrings, etc., and the particular 'mixture' of sand used in producing the sand-blast finish." 470 F. Supp. 2d at 1081–83. To the extent *Cosmos* stands for the proposition that

Case 2:14-cv-07163-BRO-SH Document 23 Filed 12/02/14 Page 9 of 11 Page ID #:154

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

Having concluded that Star's design is "stylized and not lifelike" so as to warrant copyright protection, the Court must compare Star's design to The Wet Seal's to determine whether there are objective similarities between the protectable elements. In doing so, the Court is mindful that Star's design contains elements that are not protectable. For example, the green color of the leaves and stems are not protectable because green leaves and stems exist in nature. *See L.A. Printex*, 676 F.3d at 850. Similarly, the bright pink, yellow, and scarlet colors of the flowers are not protectable because brightly colored flowers also exist in nature. *Id.* at 850, n.4. Nevertheless, "[b]ecause there is 'a wide range of expression' for selecting, coordinating, and arranging floral elements in stylized fabric designs," it is clear that Star's "original selection, coordination, and arrangement of such elements" deserves copyright protection. *Id.* at 850 (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010)).

After comparing the objective details of the two designs' protected elements, including their subject matter, shape, color, arrangement, and orientation, the Court concludes that the designs are substantially similar. Both patterns feature a prominent white daisy interspersed with depictions of abstract leaves and other flowers slightly smaller than the daisy. (*See* Compl. ¶ 10.) Significantly, the arrangement and orientation of the daisies, leaves, and other flowers on both designs is nearly identical. For example, both designs feature four white daisies clustered toward the bottom half of the design. (*Id.*) A cluster of three leaves appears just above and slightly to the left of the daisy

---

even stylized, artistic renderings of flowers are not entitled to copyright protection, its holding is not binding on this Court. Moreover, because *Cosmos* pre-dates the Ninth Circuit's decision in *L.A. Printex*, which governs copyright cases involving floral fabric designs, its reasoning is unpersuasive.

The Wet Seal's reliance on *Express, LLC v. Fetish Grp., Inc.*, 424 F. Supp. 2d 1211 (C.D. Cal. 2006) is also unavailing. The *Express* case involved articles of clothing, which are generally considered useful articles and are not entitled to copyright protection. *Id.* at 1224. The design of a useful article is entitled to protection only to the extent it incorporates pictorial, graphic, or sculptural features that can be separately identified from and exist independently of the article's utilitarian features. *Id.* In *Express*, the court explained that the plaintiff could potentially claim a copyright in the design of the lace trim, as well as the arrangement of the lace on the garment. *Id.* at 1224–25. But the court concluded that the plaintiff's garment was entitled to only thin copyright protection for the lace embroidery design because the plaintiff's use of lace trim was standard and therefore unprotectable. *Id.* at 1226–27. Unlike the case in *Express*, Star is not claiming a copyright for a particular garment. Star's copyright is for its floral pattern design. Moreover, like *Cosmos*, *Express* is not binding on this Court and pre-dates *L.A. Printex*. Accordingly, the Court relies on *L.A. Printex* to evaluate the designs' similarity.

Case 2:14-cv-07163-BRO-SH Document 23 Filed 12/02/14 Page 10 of 11 Page ID #:155

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07163 BRO (SHx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL. | | |

cluster in each design. (*Id.*) The number, size, and orientation of the smaller flowers and leaves is also the same in both designs. (*Id.*) The only difference the Court can discern is the absence of a single gray stem from The Wet Seal's design; in Star's design, this stem protrudes from the upper right side of the design. (*Id.*)

The Court recognizes that the color scheme, saturation, and intensity of the two designs differ. Star's design features a stark black background, and the leaf and flower depictions utilize, bright, saturated colors. (*Id.*) In contrast, The Wet Seal's design features a hazy black background, and the leaf and flower depictions are much more muted. (*Id.*) Because of this difference in color saturation, some of the shadow lines appearing in Star's design do not appear in The Wet Seal's. (*Id.*) The two designs also feature varying color schemes. For example, the two flowers appearing just above and to the right of the daisy cluster are yellow in Star's design, but red in The Wet Seal's. (*Id.*)

Nevertheless, these differences do not compel the conclusion that the two designs are not substantially similar as a matter of law. As the court noted in *L.A. Printex*, "a rational jury could find that these differences result from the fabric-printing process generally and are 'inconsequential.'" 676 F.3d at 851. More importantly, because Star's stylized design is entitled to broad copyright protection, The Wet Seal's design need not be "virtually identical" to infringe. *Id.* (citing *Mattel*, 616 F.3d at 914).

<u>Star Fabric's Design</u>          <u>The Wet Seal's Design</u>

   

The Court's conclusion that the designs are substantially similar does not end its inquiry. As discussed above, *see supra* Part III.B.1, Star has failed to allege facts demonstrating The Wet Seal's access to its design. As a result, the Court must dismiss this matter unless it finds that the designs are strikingly similar. *See Three Boys Music*

Case 2:14-cv-07163-BRO-SH Document 23 Filed 12/02/14 Page 11 of 11 Page ID #:156

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–07163 BRO (SHx)** | Date | December 2, 2014 |
|---|---|---|---|
| Title | **STAR FABRICS, INC. V. THE WET SEAL, INC. ET AL.** | | |

*Corp.*, 212 F.3d at 485. This doctrine applies only where the works "are so strikingly similar as to preclude the possibility of independent creation." *Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010) (quoting *Meta-Film Assoc., Inc. v. MCA Inc.*, 586 F. Supp. 2d 1346, 1355 (C.D. Cal. 1984)) (internal quotation marks omitted). Although the Court finds that the designs' protected elements are substantially similar, the Court has also identified distinct differences. These differences suggest that The Wet Seal could have independently created its design. This possibility of independent creation is particularly acute in light of the prevalence of floral patterns in the public domain. *See* RJN Ex. A; *see also Lambert Corp. v. LBJC Inc.*, No. 2:13-CV-00778-CAS, 2014 WL 2737913, at *5 (C.D. Cal. June 16, 2014) (finding no striking similarity between skull designs featuring floral patterns where the designs shared similar attributes, in part because of "the prevalence of skull-based designs in the public domain").

Accordingly, the Court **GRANTS** The Wet Seal's Motion to Dismiss because of Star's failure to adequately allege access or raise an inference of copying based on the designs' striking similarity. Star's failure to allege any facts demonstrating access may be cured by amendment. The Court therefore declines The Wet Seal's request to dismiss this matter with prejudice and grants leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, The Wet Seal's Motion to Dismiss is **GRANTED without prejudice**. The Court grants Star leave to amend. Star's amended pleadings shall be filed **no later than December 22, 2014.** The hearing set for December 8, 2014 is hereby **VACATED.**

**IT IS SO ORDERED.**                                                                :

                                                      Initials of Preparer          rf