1  Staci Jennifer Riordan, SBN 232659
   Neal J. Gauger, SBN 293161
2  **NIXON PEABODY LLP**
   555 W. Fifth Street, 46th Floor
3  Los Angeles, CA 90013-1010
   Telephone: 213.629.6000
4  Facsimile: 213.629.6001
   sriordan@nixonpeabody.com
5  ngauger@nixonpeabody.com

6  Attorneys for Defendant
   THE WET SEAL, INC.
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 | STAR FABRICS, INC., a California | Case No.: 2:14-cv-07163-BRO-SH
   | Corporation, |
12 | | Hon. Beverly Reid O'Connell
   | Plaintiff, |
13 | | **DEFENDANT THE WET SEAL,**
   | vs. | **INC.'S NOTICE OF MOTION AND**
14 | | **MOTION TO DISMISS FIRST**
   | THE WET SEAL, INC., a Delaware | **AMENDED COMPLAINT;**
15 | Corporation; RW SEVEN, a California | **MEMORANDUM OF POINTS AND**
   | Corporation; and DOES 1 through 10, | **AUTHORITIES IN SUPPORT**
16 | | **THEREOF**
   | Defendants. |
17 | | [Filed Concurrently with Declaration of
   | | Staci Jennifer Riordan; and [Proposed]
18 | | Order]

19 | | Date:        January 26, 2015
   | | Time:        1:30 p.m.
20 | | Ctrm.:       14

21 | | FAC Filed:          Dec. 3, 2014
   | | Discovery Cutoff:   None
22 | | Trial Date:         None

23

24

25

26

27

28

# Table of Contents

**Page**

I.    INTRODUCTION .........................................................................................1

II.   STATEMENT OF FACTS ..........................................................................2

III.  STANDARD OF REVIEW ON A MOTION TO DISMISS.........................2

III.  ARGUMENT...............................................................................................3

    A.    Plaintiff Must Provide Notice Of What Work Wet Seal Has
         Allegedly Infringed, And It Has Failed To Do So................................3

    B.    Plaintiff Must Plead Access, And It Has Failed To Do So...................4

         1.    Plaintiff Has Not Pled Facts Demonstrating Direct Access .......5

         2.    Plaintiff Has Not Pled Access By A "Chain of Events" ............5

         3.    Plaintiff Has Not Pled Access By "Widespread
             Dissemination".............................................................................7

    C.    Plaintiff Must Plead Substantial Similarity, And It Has Failed
         To Do So ................................................................................................9

IV.   CONCLUSION ..........................................................................................10

1

## TABLE OF AUTHORITIES

2

Page(s)

3

*Apple Computer, Inc. v. Microsoft Corp.*,
    35 F. 3d 1435 (9th Cir. 1994)...................................................................9

4

*Art Attacks Ink, LLC v. MGA Entertainment Inc*., 581 F. 3d 1138
    (9th Cir. 2009)............................................................................5, 7

5

6

*Bell Atlantic Corp. v. Twombly*,
    550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)............................. passim

7

8

*Bissoon-Dath v. Sony Comp. Entm't America Inc*.,
    694 F. Supp. 2d 1071 (N. D. Cal. 2010) ......................................................9

9

10

*Cavalier v. Random House, Inc*.
    297 F. 3d 815 (9th Cir. 2002)...................................................................5

11

12

*Clegg v. Cult Awareness Network*,
    18 F. 3d 752 (9th Cir. 1994)...................................................................2

13

14

*Dumas v. Kipp*,
    90 F. 3d 386 (9th Cir. 1996)...............................................................3, 9

15

16

*Funky Films, Inc. v. Time Warner Entertainment, Inc*.
    462 F. 3d 1072 (9th Cir. 2006) ..............................................................9

17

18

*Iqbal v. Ashcroft*,
    556 U.S. 662 (2009) ....................................................................... passim

19

20

*Jackson v. Carey*,
    353 F. 3d 750 (9th Cir. 2003)..............................................................3, 9

21

22

*Jason v. Fonda*,
    698 F. 2d 966 (9th Cir. 1982)..............................................................5, 8

23

24

*L.A. Printex Industries, Inc. v. Aeropostale, Inc*.,
    676 F. 3d 841 (9th Cir. 2012)................................................................3

25

26

*Lopez v. Smith*,
    203 F. 3d 1122 (9th Cir. 2000) ...........................................................3, 9

27

*Malibu Textiles v. Label Lane International, Inc., et. al.*,
    CDCA Case No. 2:14-cv-4054-R-MAN....................................................8

28

ii

*National Business Development Services, Inc. v. American Credit Education & Consulting, Inc.,* 299 Fed. App'x 509, 2008 WL 4772074 (6th Cir. 2008)..........2

*Rice v. Fox Broadcasting Co.,*
330 F.3d 1170 (9th Cir. 2003) .........................7

*Three Boys Music Corp. v. Bolton,*
212 F. 3d 477 (9th Cir. 2000).........................5

*Zella v. The E.W. Scripps Co.,*
529 F. Supp. 2d 1124 (C. D. Cal. 2007).................2, 3

**FEDERAL STATUTES**

17 U.S.C. § 411 ........................................3

**RULES**

Rule 8(a) of the Federal Rules of Civil Procedure.........2

Rule 12(b)(6) of the Federal Rules of Civil Procedure .......2

TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 26, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant The Wet Seal ("Wet Seal" or "Defendant") will and does hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Taylor v. Sturgell*, 553 U.S. 880 (2008), and *Resolution Trust Corp. v. Keating*, 186 F.3d 1110 (9th Cir. 1999) for an order dismissing, with prejudice, in its favor Plaintiff Star Fabrics, Inc.'s ("Star" or "Plaintiff") First Amended Complaint in its entirety.

This motion is made on the grounds that Plaintiff's claim for relief for copyright infringement (the "Claim") must fail because (1) Plaintiff has failed to properly provide notice of what work Wet Seal has allegedly infringed; (2) Plaintiff has failed to properly plead that Wet Seal had access to Plaintiff's works; and (3) Plaintiff has failed to properly plead substantial similarity between the works at issue.

This motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; Declaration of Staci Jennifer Riordan; [Proposed] Order; all of the pleadings and papers filed herein; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.


Dated:  December 17, 2014            NIXON PEABODY LLP


                              By   */s/ Staci Jennifer Riordan*
                                   Staci Jennifer Riordan
                                   Neal J. Gauger
                                   Attorneys for Defendant
                                   THE WET SEAL, INC.

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2      **I.      INTRODUCTION**

3              If Plaintiff Star Fabrics, Inc. ("Star" or "Plaintiff") had sufficient facts to

4      demonstrate a reasonable possibility of access by Defendant The Wet Seal, Inc. ("Wet

5      Seal" or "Defendant"), it would plead those facts.   Despite getting a second bite of the

6      apple with its First Amended Complaint ("FAC"), Plaintiff has once again failed to

7      properly plead copyright infringement, thereby ignoring this Court's Order requiring,

8      *inter alia*, factual support for its allegation that Wet Seal accessed the "60673" textile

9      pattern (the "Flower Pattern").

10             Plaintiff's FAC also fails to identify and plead (1) what, if anything, is protected

11     by its alleged copyright registration; (2) what, if any, elements of the Flower Pattern

12     are protectable; and (3) what, if any, sources of similarity exist between the works in

13     question.

14             In this Court's December 2, 2014 Order (the "Order"), this Court found that the

15     Flower Pattern and Wet Seal's garment, SKU 459103000002 (the "Garment") were

16     not strikingly similar, identifying "distinct differences" between them and noting that

17     "the[] differences suggest that The Wet Seal could have independently created its

18     design." Dkt. # 23 ("Order"), p. 11.  In doing so, the Court took judicial notice of

19     seven fabric designs from *Florals: Graphical Flower Designs, Vol. 1* and *Vol. 2*,

20     noting that they "represent generic elements of floral pattern design," and declaring

21     that "the[] possibility of independent creation is particularly acute in light of the

22     prevalence of floral patterns in the public domain." Order, pp. 3, 11.

23             Plaintiff has an obligation to plead facts sufficient to satisfy the vigorous

24     standards required by *Bell Atlantic Corp. v. Twombly* and *Iqbal v. Ashcroft*. 550 U. S.

25     544, 555-559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("*Twombly*"); 556 U.S. 662,

26     667-68 (2009) ("*Iqbal*").  It is not the responsibility of Wet Seal or this Court to assist

27     Plaintiff in satisfying this obligation.  As Plaintiff has now twice failed to properly

28

1

1   plead its case, it is evident that necessary facts do not exist.  Accordingly, Wet Seal
2   requests that the Court dismiss Plaintiff's FAC with prejudice.

3   **II.    STATEMENT OF FACTS**

4           Wet Seal is a United States clothing retailer.  The Garment is allegedly sold at
5   Wet Seal's retail stores.  Compl. ¶ 10.  Plaintiff has alleged ownership of a copyright
6   for a design entitled "60673" (the "Flower Pattern.").

7           On September 12, 2014, Plaintiff filed its improperly pled Complaint.  On
8   December 2, 2014, this Court dismissed the Complaint on the grounds that Plaintiff
9   had "fail[ed] to adequately allege access."  On December 3, 2014, Plaintiff filed its
10  FAC.  This Motion to Dismiss now follows, requesting that the Court dismiss the
11  FAC with prejudice.

12  **III.   STANDARD OF REVIEW ON A MOTION TO DISMISS**

13          Rule 12(b)(6) exists to weed out undeserving complaints before parties engage
14  in expensive discovery.  *Twombly*, 550 U. S. at 555-59.  This is particularly important
15  in copyright infringement actions, which "lend[] [themselves] readily to abusive
16  litigation, since the high cost of trying such a case can force a defendant who might
17  otherwise be successful in trial to settle in order to avoid the time and expenditure of a
18  resources intensive case." *National Business Development Services, Inc. v. American*
19  *Credit Education & Consulting, Inc.*, 299 Fed. App'x 509, 2008 WL 4772074 *2 (6th
20  Cir. 2008).  Thus, while Rule 8(a) only requires a "short plain statement of the claim,"
21  a complaint for copyright infringement has a heightened pleading standard that
22  requires a plaintiff to give a defendant fair notice of a legally cognizable claim and the
23  grounds upon which the claim rests.  *Twombly,* 550 U. S. at 555; *Iqbal*, 556 U.S. at
24  667-68.

25          On a motion to dismiss, all allegations of material fact in the complaint are
26  taken as true, but a court "is not required to accept legal conclusions in the form of
27  factual allegations if those conclusions cannot reasonably be drawn from the facts
28  alleged." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994); *Zella*

2

1   *v. The E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1127-28 (C. D. Cal. 2007).

2   "Threadbare recitals of the elements of a cause of action, supported by mere

3   conclusory statements," are not presumed to be true.   *Twombly*, 550 U.S. at 555.

4   Thus, a court must not accept, as pled in the FAC, "naked assertion[s]" devoid of

5   "further factual enhancement." *Id*. at 557.

6   　　　When amendment of a complaint would be futile, dismissal should be ordered

7   with prejudice.  *Dumas v. Kipp*, 90 F. 3d 386, 393 (9th Cir. 1996); *Lopez v. Smith*, 203

8   F. 3d 1122, 1127 (9th Cir. 2000); *Jackson v. Carey*, 353 F. 3d 750, 758 (9th Cir. 2003)

9   (dismissal without leave to amend is appropriate if the deficiencies in the complaint

10  cannot be cured by amendment).

11  **IV.   ARGUMENT**

12  　　　**A.   Plaintiff Must Provide Notice Of What Work Wet Seal Has**

13  　　　　　**Allegedly Infringed, And It Has Failed To Do So**

14  　　　While copyright registration is not a precondition to copyright protection, it is a

15  precondition to filing a copyright infringement action.   17 U.S.C. § 411; *L.A. Printex*

16  *Industries, Inc. v. Aeropostale, Inc*., 676 F. 3d 841, 852 (9th Cir. 2012) ("*L.A.*

17  *Printex*").

18  　　　The FAC (1) alleges that Plaintiff owns a "textile printing entitled 60673"; (2)

19  claims that Plaintiff has registered its design; and (3) attaches a picture of a fabric

20  swatch that purports to be textile print "60673."   FAC ¶¶ 9, 11.  While Wet Seal

21  acknowledges that Plaintiff has a copyright registration protecting a work, the FAC

22  fails to allege *what* work registration number VA0001632960 covers.

23  　　　A search of records on the U.S. Copyright Office website raises more questions

24  than it answers.  Plaintiff is indicated on the U.S. Copyright Office website as the

25  owner of nearly 4000 works for which it has filed a copyright application.

26  Declaration of Staci Jennifer Riordan ("Riordan Decl.") ¶ 2.  A website record for

27  registration number VA0001632960, naming Plaintiff and titled "60673," indicates

28  that the "type of work" registered under that number is "Not Found."  *Id*. ¶ 3.

Moreover, no deposit materials for "60673" are available through the website. *Id.* Furthermore, the U.S. Copyright Office website record indicates that the "60673" work appears in "DESIREE," an apparently separate publication and/or collection of works allegedly owned by Plaintiff. *Id.* Accordingly, it is unclear whether the "60673" work is a derivative of the "DESIREE" publication and/or collection. Rights in derivative works only extend to new, original, and protectable elements *not* contained in the original work. 1 NIMMER ON COPYRIGHT § 3.04 (2013). If "60673" is a derivative of the "DESIREE" publication and/or collection, then Plaintiff can only assert copyright protection in this litigation over any new, original, and protectable elements of "60673" not found in "DESIREE." In light of the fact that no deposit materials have been provided to the Court, as well as the existence of judicially-noticed public domain prints that pre-exist VA0001632960, Wet Seal is left guessing as to what protectable elements of "60673," if any, originated with Plaintiff.

Given the facts as pled and the public website records available, Wet Seal is left to speculate as to (1) which of Plaintiff's nearly 4000 works is covered by Plaintiff's purported copyright registration; (2) what materials, if any, Plaintiff provided to the U.S. Copyright Office; (3) Whether Plaintiff's "60673" registration is a derivative of or superseded by the apparent "DESIREE" publication and/or collection; and (4) whether the claimed "60673" copyright relates to the Flower Pattern at all.

Wet Seal is not required to guess as to what work is covered by Plaintiff's claimed copyright, whether the claimed copyright over "60673" relates to the Flower Pattern, and what, exactly, Wet Seal has allegedly infringed. *Twombly,* 550 U. S. at 555. Thus, the FAC must be dismissed with prejudice as it fails to offer "fair notice of a legally cognizable claim and the grounds upon which the claim rests." *Id.*

### B. Plaintiff Must Plead Access, And It Has Failed To Do So

Pursuant to the pleading requirements under *Twombly*, a court should dismiss a claim where a plaintiff fails to allege facts showing that the defendant had access to

1  the Plaintiff's work.  550 U.S. at 555-559; *Cavalier v. Random House, Inc*. 297 F. 3d

2  815, 822 (9th Cir. 2002).

3       A "bare possibility of access is not enough."  *Jason v. Fonda*, 698 F. 2d 966,

4  967 (9th Cir. 1982); *See* 4 NIMMER ON COPYRIGHT § 13.02[A] (2013) ("mere

5  speculation or conjecture" is insufficient to establish access).  Rather, to properly

6  plead access, a plaintiff must allege that the defendant had a reasonable opportunity to

7  view plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F. 3d 477, 482 (9th Cir.

8  2000) ("*Three Boys*").  This standard is met by either pleading direct access or by

9  using circumstantial evidence of (1) a "chain of events" linking the plaintiff's work

10  and the defendant's access, or (2) widespread dissemination of the plaintiff's work.

11  *Id.* at 482.  The FAC fails to sufficiently plead such factual allegations, and must be

12  dismissed on this ground alone.

### 1.    Plaintiff Has Not Pled Facts Demonstrating Direct Access

14       Here, Plaintiff has not alleged that Wet Seal directly accessed its work.  Thus,

15  Plaintiff cannot establish access in that manner.

### 2.    Plaintiff Has Not Pled Access By A "Chain of Events"

17       As for indirect access, Plaintiff once again fails to plead that there is a "chain of

18  events that link the plaintiff's work and the defendant's access," as no such chain

19  exists.  *Art Attacks Ink, LLC v. MGA Entertainment Inc*. ("*Art Attacks*"), 581 F. 3d

20  1138, 1143 (9th Cir. 2009).

21       Much like the Complaint, the FAC "fails to allege any concrete facts

22  specifically linking the Wet Seal to the [Flower Pattern]."  Order, p. 6.  Instead, the

23  FAC contains a laundry list of theoretical ways Wet Seal ***could have*** possibly

24  accessed the Flower Pattern, including, *inter alia*, access to Plaintiff's showroom and

25  design library, access to Plaintiff's strike-offs and samples, and access to "garments in

26  the marketplace." FAC ¶ 11.

27  //

28  //

WET SEAL'S MOTION TO DISMISS FAC                          CASE NO. 2:14-CV-07163-BRO-SH

To this language, Plaintiff has added an equally vague and unavailing allegation regarding two vendors and a defunct manufacturer:

> "Plaintiff is also informed and believes that multiple vendors of Wet Seal directly sampled and purchased artwork from Star Fabrics during the time that Star Fabrics was sampling and selling the [Flower Pattern] and would have thus had access to the [Flower Pattern], including such vendors as Poetry Corp. and D.I. Limited. Plaintiff is further informed and believes that there is or was a business relationship between D.I. Limited and [RW Seven] such that [RW Seven] and Wet Seal had a reasonable opportunity to view and copy the Subject Design."

FAC ¶ 14.

This allegation falls woefully short of creating a "chain of events" between the Flower Pattern and Wet Seal.  Plaintiff has failed to plead that any connection exists between Wet Seal, Poetry Corp. ("Poetry"), D.I. Limited ("D.I."), and/or RW Seven "RWS") *with respect to the Flower Pattern*.

To properly plead access by a "chain of events," Plaintiff must begin by pleading which specific vendor of Wet Seal had direct access to the Flower Pattern. The FAC fails to do so.  Instead, the FAC names Poetry and D.I. as specific Wet Seal vendors, but fails to plead that either Poetry or D.I. had direct access to the Flower Pattern. *Id.*  It is plain from Plaintiff's failure that these facts do not exist.

Next, Plaintiff must plead facts showing that D.I. gave the Flower Pattern to RW Seven or Wet Seal.[1]   *Id.*   The FAC is similarly devoid of any such allegations.

Instead, Plaintiff pleads that it is informed and believes that D.I. and RW Seven have or had a "business relationship."   *Id.*   This unsubstantiated statement is mere speculation, and it is prohibited by *Iqbal*.   *See 556 U.S. at 677-78*; 4 NIMMER ON

---

[1] With respect to D.I., they are not a vendor of Wet Seal at all; Wet Seal had never heard of D.I. prior to being served with the FAC.  Riordan Decl. ¶ 4.

1   COPYRIGHT § 13.02[A] (2013).  Thus, once again, Plaintiff has failed to plead access
2   by a "chain of events," having accomplished nothing more than to speculate as to
3   *potential* ways Wet Seal could have accessed the Flower Pattern.   Plaintiff has now
4   twice failed to present any *facts* linking the specific work in question – the Flower
5   Pattern – to Wet Seal.  Accordingly, the FAC must be dismissed with prejudice.

6            **3.       Plaintiff Has Not Pled Access By "Widespread Dissemination"**

7            Plaintiff also fails to prove indirect access with its allegation that the Flower
8   Pattern was "widely disseminated," as it has not pled sufficient facts to support that
9   claim.  *Art Attacks*, 581 F. 3d at 1144-45.  In the FAC, Plaintiff tries to cure the
10  Complaint's legal conclusion that "Plaintiff widely disseminated fabric bearing [the
11  Flower Pattern]"  by adding that "Plaintiff sampled and sold more than 65,000 yards
12  of fabric bearing the [Flower Pattern] which it is informed and believes was
13  manufactured into garments sold through various retail outlets."  FAC ¶ 10.

14           This statement is insufficient to meet the required pleading standard, as Plaintiff
15  must (1) plead facts showing that the Flower Pattern was widespread, and (2) must do
16  so by quantifying the temporal and other factual context for their sales figures.  *Iqbal,*
17  556 U.S. at 677-78; *Art Attacks Ink*, 581 F. 3d at 1144-45.

18           For example, in *Art Attacks*, the plaintiff contended that there was wide spread
19  dissemination of the work at issue because: (1) the work was displayed at Plaintiff's
20  booth at a county fair where millions attended and in retail stores; (2) the work was
21  printed on T-shirts, "which serve as 'walking billboards,'" of which 2,000 units were
22  sold per year; and (3) the work was available to view and purchase via the Internet.
23  581 F.3d at 1144-45.  The court disagreed, finding that the above described
24  dissemination was not widespread, and held that the plaintiff had failed to show "more
25  than a 'bare possibility'" of access.  *Id*. at 1145.

26           Similarly, in *Rice v. Fox Broadcasting Co.*, the court held that 17,000 videos
27  sold over a 13-year period "cannot be considered widely disseminated," even though
28  the plaintiff showed that there was a great deal of publicity surrounding the release of

7

the video, various niche publications ran stories about the video, and the video was featured on *Entertainment Tonight*.   330 F.3d 1170, 1178 (9th Cir. 2003).

Additionally, in *Jason v. Fonda,* the plaintiff alleged that she sold 2,000 copies of her book nationwide, with somewhere between 200-700 of those units sold in Southern California, where the defendants were located.   526 F. Supp. 774, 776 (C. C. D. 1982).   The court held that extent of distribution "create[d] no more than a 'bare possibility' that defendants may have accessed plaintiff's book."   *Id.* at 776-777. Thus, there was no issue of access, let alone wide-spread dissemination.

Here, Plaintiff merely picks a number out of thin air, alleging that 65,000 yards of fabric have been sampled and sold to unnamed "parties in the fashion and apparel industries."[2]   FAC ¶ 10.

This pleading runs in direct contravention to the Order, which admonished Plaintiff for its failure not only to "allege the approximate quantity of fabric bearing the [Flower Pattern] which it has distributed," but *also* to "allege[] the approximate number of parties in the fashion and apparel industries to whom it has distributed the [Flower Pattern.]"   Order, p. 6.

Plaintiff's attempt to plead widespread dissemination is further insufficient as it fails to provide any context and quantification as to the time period and locations wherein such samples and sales were allegedly made.  Plaintiff's "60673" pattern was created in 2007 and copyrighted in January of 2008; it has been available for sampling

---

[2] This is not the first time that counsel for Plaintiff has tried this tactic.  In *Malibu Textiles, Inc. v. Label Lane International, Inc.*, CDCA Case No. 2:14-cv-04054 ("*Malibu v. Label Lane*"), Plaintiff Malibu Textiles, Inc. ("Malibu"), represented by counsel for Plaintiff, sued Label Lane International Inc. ("Label Lane") for copyright infringement.  In its Complaint, Malibu included the conclusory access allegation that "Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the apparel industry."   *Malibu v. Label Lane*, Dkt. # 1, ¶ 10.  Malibu then tried to save its defective pleading by adding an additional allegation in its First Amended Complaint – including an unsupported sales number – which was nearly identical to that presented in Plaintiff's FAC now before this Court:  "[The Subject Designs] were widely disseminated through the sale of hundreds of thousands of yards of lace bearing those designs by Plaintiff to numerous parties in the apparel industry."   *Id.,* Dkt. # 11, ¶ 11.  Following a Motion to Dismiss filed by Label Lane, the District Court dismissed Malibu's First Amended Complaint with prejudice.   *Id.,* Dkt. # 21.

1   and sale for nearly seven years.  By failing to provide context as to the time period

2   during which the Flower Pattern was allegedly sampled and/or sold, as well as the

3   geographic locations where the pattern was allegedly sampled and sold, it is

4   impossible for this Court to consider whether "65,000 of yards" of fabric create the

5   near-ubiquity required to find "widespread dissemination."

6       Even with the second opportunity provided by this Court, Plaintiff's allegations

7   regarding access continue to be speculative, unsupported, and conclusory.  Plaintiff

8   must – and evidently cannot – present sufficient *facts* establishing widespread

9   dissemination.  Thus, as neither direct access, nor a "chain of events," nor widespread

10  dissemination can be sufficiently pled by Plaintiff, further amendment would be futile,

11  and the FAC must be dismissed with prejudice.  *Iqbal*, U.S. at 677-78; *Dumas*, 90 F.

12  3d at 393; *Lopez*, 203 F. 3d at 1127; *Jackson*, 353 F. 3d at 758.

13      **C.    Plaintiff Must Plead Substantial Similarity, And It Has Failed To**

14          **Do So**

15      The FAC must also be dismissed because Plaintiff fails to properly plead

16  substantial similarity.  To meet the pleading requirement, Plaintiff is required to (1)

17  identify the protectable elements of its work and (2) plead "the *source(s)* of the

18  alleged similarity between his work and the defendant's work."  *Apple Computer, Inc.*

19  *v. Microsoft Corp.*, 35 F. 3d 1435, 1443 (9th Cir. 1994) (emphasis original); *Funky*

20  *Films, Inc. v. Time Warner Entertainment, Inc*. 462 F. 3d 1072, 1077 (9th Cir. 2006).

21  Any allegation of similarity must be of protected elements, not unprotectable elements

22  or ideas in the public domain.  *Bisson-Dath v. Sony Comp. Entm't America Inc*., 694

23  F. Supp. 2d 1071, 1079 (N. D. Cal. 2010), *aff'd and adopted by* 653 F. 3d 898 (9th

24  Cir. 2011) (published without opinion).

25      The FAC fails to identify the protectable elements, if any, in the Flower Pattern,

26  and it fails to properly plead "the sources of the alleged similarity" between any such

27  elements of the Flower Pattern and the Garment.  Plaintiff's failure is particularly

28  egregious in light of this Court's Order that the Flower Pattern "contains elements that

9

1   are not protectable . . . [f]or example, the green color of the leaves and stems are not
2   protectable because green leaves and stems exist in nature." Order, p. 9.  Rather than
3   comply with this Court's directive that elements that "exist in nature" are not
4   protectable, Plaintiff has attempted to plead similarities of natural and other
5   unprotectable elements in the FAC, including, *inter alia*, the "white" color of the large
6   and small daisies contained within the Flower Pattern. FAC ¶ 11.

7       Plaintiff's failure to properly plead substantial similarity follows the Court's
8   finding that the Flower Pattern and the Garment are not strikingly similar, and that
9   "distinct differences" exist between them. Order, p. 11.  Moreover, the "prevalence of
10  floral patterns in the public domain" pre-dating the Flower Pattern further emphasizes
11  the need for Plaintiff to properly identify and plead the protectable elements of the
12  Flower Pattern, if any. *Id.*  The Court has recognized "the[] possibility of independent
13  creation" for the Garment, and Plaintiff's pleading fails to counter that conclusion. *Id.*

14      Once again, Plaintiff wants Wet Seal to guess as to what elements Plaintiff
15  purports to be covered by copyright protection.  Plaintiff has not pled and evidently
16  cannot plead substantial similarity of protectable elements, if any, contained in its
17  Flower Pattern.  The FAC fails to state a claim for copyright infringement, and it must
18  be dismissed with prejudice.

19      **V.    CONCLUSION**

20      Plaintiff has already been provided with two opportunities to present its
21  allegations, and it has twice failed to meet the required standards.  As it is now evident
22  that sufficient facts do not exist to sufficiently plead Plaintiff's case, further leave to
23  amend will only waste the time and resources of both this Court and Wet Seal.
24  //
25  //
26  //
27  //
28

WET SEAL'S MOTION TO DISMISS FAC                                    CASE NO. 2:14-CV-07163-BRO-SH

1       Because Plaintiff's pleading is insufficient, and as amendment will not cure the

2  FAC's defects, Wet Seal respectfully requests that Plaintiff's FAC be dismissed in its

3  entirety, with prejudice.

4

   Dated:  December 17, 2014             NIXON PEABODY LLP

5

6

7                     By  */s/ Staci Jennifer Riordan*
                       Staci Jennifer Riordan

8                         Neal J. Gauger
                       Attorneys for Defendant

9                         THE WET SEAL, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WET SEAL'S MOTION TO DISMISS FAC            CASE NO. 2:14-CV-07163-BRO-SH