Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE WET SEAL, INC., a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 14-cv-07163 BRO (SH)<br><u>Hon. Beverly Reid O'Connell Presiding</u><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT THE WET SEAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: January 26, 2015<br>Time: 1:30 p.m.<br>Courtroom: 14 |
|---|---|

## I. Introduction

As this Court is already aware, Wet Seal has been found liable for willful infringement of multiple copyrights, including most recently three textile designs in *Novelty Textile Inc v. The Wet Seal Inc et al*, Case No. 2:13-cv-05527-SJO-MRW.[1] Notably, those findings rested on a complaint that was materially the same as the initial complaint in this case, and were made by Judge Otero on Plaintiff's motion for summary judgment, not by the jury that awarded $400,000 in damages against Wet Seal at the trial on damages.

Much as in the *Novelty* case, Wet Seal insists on repeatedly advancing arguments that have already been rejected by the trial court and are foreclosed by Ninth Circuit authority. As with Wet Seal's first motion to dismiss, this motion puts arguments before this Court that no attorney can make in good faith under Rule 11.[2] For example, this Court already held that Plaintiff's initial Complaint adequately alleged ownership of a valid copyright in the work at issue. (Docket 23, pp. 4-5). Nevertheless, Wet Seal makes the nonsensical argument that Plaintiff has failed to allege what work Wet Seal has allegedly infringed.

Next, Wet Seal argues that Plaintiff has failed to adequately allege access, again ignoring recent Ninth Circuit authority that establishes the adequacy of Plaintiff's allegations.

Finally, Wet Seal argues that Plaintif has failed to plead substantial similarity, ignoring (1) this Court's prior Order finding (based on the initial complaint) that the designs are substantially similar (Docket 23, p. 7), and (2)

---

[1] *See* 2:13-cv-05527-SJO-MRW, Docket No. 94.

[2] For example, Defendant's first motion argued that Plaintiff's design was only entitled to thin protection, an argument that this Court acknowledged was squarely foreclosed by the recent Ninth Circuit holding in *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012) that stylized floral designs are entitled to broad protection.

substantial additional allegations to buttress the previously (adequate) allegations of substantial similarity.

As set forth more fully below, this motion should be denied.

## II. Legal standard for a motion to dismiss for failure to state a claim

A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citing Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996)); *see also* Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory).

Motions to dismiss for failure to state a claim are disfavored and rarely granted. Hall v. City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986). A complaint must contain merely a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. § 8(a)(2)). Detailed factual allegations are not required. *Id.* In deciding a motion to dismiss, all material allegations of the complaint are taken as true and all reasonable inferences are drawn in Plaintiff's favor. Cahill, 80 F.3d at 338. "In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (*e.g.,* those facts presented in briefs, affidavits, or discovery materials)." Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007).

To make a prima facie case for copyright infringement, a plaintiff need allege: (1) ownership of the allegedly infringed material and (2) that the defendants copied said material. *See* A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the

work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

### III. **Star specifically identifies the work that Wet Seal has allegedly infringed by design title and by providing an image of that work.**

Wet Seal's first argument, that Plaintiff has failed to adequately advise Wet Seal of the work allegedly infringed, is frivolous. Indeed, Wet Seal's motion admits that paragraphs 9 and 11 of the First Amended Complaint (FAC) identifies the work at issue by its design number and even attaches an image of that design.

Wet Seal's argument appears to be that the FAC has not definitively answered all conceivable questions concerning Plaintiff's registration and the creation of the 60673 design. There is no authority that requires such a pleading standard and thus Wet Seal cites none. Rather, a complaint must contain merely a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Because Plaintiff's FAC meets that standard, Wet Seal's motion should be denied.

### IV. **The FAC suffiently alleges Wet Seal's access.**

The three ways that an aggrieved copyright holder can allege access are succinctly summed up in *Ninth Circuit Model Jury Instruction* 17.16 (2014) which provides that access may be established by:

1. a chain of events connecting plaintiff's work and the defendant's opportunity to view that work such as dealings through a third party that had access to the plaintiff's work and with whom both the plaintiff and the defendants were dealing,

2. the plaintiff's work being widely disseminated, or a similarity between the plaintiff's work and the defendants' work that is so "striking" that it is highly likely the works were not created independent of one another, or

3. a similarity between the plaintiff's work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another

*Ninth Circuit Model Jury Instruction* 17.16 (2014). Plaintiff's FAC sufficiently alleges all three. Therefore, this motion should be denied.

### A. Star sufficiently alleges access through Wet Seal's dealings with customers of Star Fabrics.

The FAC contains allegations regarding a specific chain of events through which Wet Seal had an adequate opportunity to view the Subject Design. Specifically, it alleges that Poetry Corp. and D.I. Limited both had acess to the Subject Design and were both either suppliers who showed Star's designs to Wet Seal or connected to suppliers of Wet Seal. These allegations are sufficient to establish Wet Seal's opportunity to view the Subject Design.

The truth concerning a defendant's obtainment of, or access to, the offending design is exclusively within its knowledge and records. As such, a copyright plaintiff cannot be expected to plead those facts at the start of a case. *Campbell v. U.S.*, 365 U.S. 85, 81 S.Ct. 421 (1961) (litigant does not have burden of proof of establishing facts peculiarly within knowledge of adversary); *U.S. v. New York, N.H. & H.R. Co.*, 355 U.S. 253, 256, 78 S.Ct. 212, 214, 2 L.Ed.2d 247 (1957) (fairness dictates that litigant does not bear burden of establishing facts primarily within knowledge of opposing party); *G.E.J. Corporation v. Uranium Aire, Inc.*, 311 F.2d 749, 751 (9th Cir. 1962).

Star alleges a chain of events regarding Wet Seal's access to the Subject Design. Specifically, the FAC alleges that at least two clothing vendors with which Wet Seal conducts business—Poetry Corp. and D.I. Limited (or RWS, with whom DI has a business relationship)—sampled and purchased artwork from Star during the time the Subject Design was being sold. (FAC ¶ 14). Star further alleges that

not only did D.I. Limited sample and purchase from Star during this time, it also had a business relationship with Defendant RWS. (FAC ¶ 14). Finally, it is undisputed that RWS is Wet Seal's vendor of the infringing garments in this action. (Docket No. 22, p. 8, fn. 1). Star thereby alleges two distinct avenues through which Wet Seal could have accessed the Subject Design. The first being from Star to D.I. Limited to RWS to Wet Seal. The second being from Star to Poetry to Wet Seal. Both of these chains of access are alleged in the FAC.

Because the allegations contained in the FAC must be taken as true on a motion to dismiss, it follows that Star has sufficiently plead access by Wet Seal through a chain of events.

### B. Star's allegations of sampling and sales are sufficient to raise a question as to widespread dissemination.

Star's allegation that it sampled and sold over 65,000 yards of fabric prior to the infringement alleged in this action constitutes a sufficient showing of its widespread distribution of the Subject Design.

Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981). An opportunity to view or copy may be established by evidence that "the plaintiff's work has been widely disseminated." *Three Boys Music Corp.*, 212 F.3d at 482. Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated. *Art Attacks Ink, LLC v. MGA Enter. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009); *see also Three Boys Music*, 212 F.3d at 482.

Star alleges that it "widely disseminated fabric bearing Subject Design to numerous parties in the fashion and apparel industries." (FAC ¶ 10). Star

specifically alleges that "[p]rior to the acts complained of herein, Plaintiff … sampled and sold more than 65,000 yards of fabric bearing the subject design." (*Id.*) These allegations sufficiently allege a reasonable opportunity to copy. Indeed, the Ninth Circuit recently held that a textile copyright plaintiff's distribution of just over 50,000 yards of fabric bearing the allegedly infringed artwork was sufficient to raise a question of fact as to widespread dissemination. *LA Printex Industries, Inc. v. Aeropostale, Inc.* 676 F.3d 841, 847-48 (9th Cir. 2012). In this case, Star alleges that it disseminated 30% more than what the Ninth Circuit held to create a fact question of widespread dissemination.

Star alleges specific, plausible ways that Defendants could have accessed its designs (FAC ¶ 10, 14). The allegations of the direct chains of access and Star's dissemination of over 65,000 yards of fabric bearing the Subject Design, in combination with the fact that all parties operate in the Southern California apparel industry are sufficient to allege access.

### C. Access may be presumed based on the striking similarity of the offending garment and Star's work.

The Ninth Circuit employs a sliding scale approach to access and substantial similarity such that if two designs are "so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Three Boys Music*, 212 F.3d at 485 (in the absence of any proof of access, "a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar'"), citing *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996) and *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987) (access may be inferred from "striking similarity"), *cert. denied*, 484 U.S. 954 (1987); *Selle v. Gibb*, 741 F.2d 896, 903 (7th Cir. 1984) (a striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created).

While this Court previously found that the designs were not strikingly similar, it made that finding after it "identified distinct differences… that suggests that Wet Seal could have independently created its design."³ (Docket 23, p. 11). Star respectfully submits that this Court's focus on those dissimilarities is beside the point because those portions of the respective designs that are the same are so strikingly similar as to preclude the possibility of independent creation.

Indeed, the previous page of the Court's Order (Docket 23, p. 10) incorporates portions of the two designs that are simply too similar to credibly have been independently created. To wit:

| **Star Fabric's Design** | **The Wet Seal's Design** |
|---|---|
|  |  |

Even if this Court does not believe that that the above portions of the respective designs conclusively establish striking similarity, it should find that a reasonable jury could so conclude and thus find that Plaintiff has adequately pled

---

³ The Ninth Circuit has repeatedly rejected a "dissimilarity" analysis in determining substantial similarity. *See, e.g., Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir.1987). In the words of Judge Learned Hand, "[I]t is entirely immaterial that, in many respects, Plaintiff's and Defendants' designs are dissimilar, if in other respects, similarity as to a substantial element of Plaintiff's work can be shown. If substantial similarity is found, the defendant will not be immunized from liability by reason of the addition to his work of different characters or additional or varied incidents . . . "*Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 55 (2d Cir.1936), *cert. denied,* 298 U.S. 669 (1936).

access by demonstrating a colorable claim of striking similarity.[4]

### D. The FAC properly alleges copying of protectable elements of the Subject Design.

This Court's December 2, 2014 Order held, *inter alia*: "the Court finds that the designs' protected elements are substantially similar." (Docket No. 23, p.9, 11) Ignoring that prior ruling and the substantial additional substantial similarity analysis incorporated into the FAC, Wet Seal argues that Star fails to properly allege copying of protectable elements of its design. This argument must (again) be rejected.

As the Court correctly found in its ruling on Defendant's first motion to dismiss, the Subject Design is a stylized, artistic rendition of flowers—rather than a depiction of how flowers appear in nature. The direction, thickness, curvature, and other artistic rendering of that design is not given by nature, but by the artistic decisions of the author. So owing, and as this Court has already held, the Subject Design is entitled to broad copyright protection. (Docket 23, p. 8).

Given that broad copyright protection, the images of the respective works, and the explanation of substantial similarity in the Complaint, the suggestion that substantial similarity has not been adequately alleged is unsupportable. In addition to the images above, the amended Complaint incorporats the following images:

---

[4] Indeed, previous courts have held that the small, knowing modifications could even serve to indicate that the work was willfully copied. *See Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969) ("While the trial court placed great emphasis on the minor differences between the two design patterns, we feel that the very nature of these differences only tends to *emphasize the extent to which the defendant has deliberately copied* from the plaintiff.") (emphasis added); *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 619 (7th Cir. 1982) (defendant's "superficial changes . . . may be viewed as an attempt to disguise an intentional appropriation of [Plaintiff's] expression."), *superseded on other grounds*.

| Subject Design | Design on Infringing Garment |
|---|---|
|  |  |

And paragraph 11 of the FAC spells out the substantial similarity as follows:

> [B]oth designs feature a prominent white daisy interspersed with depictions of abstract leaves and other flowers slightly smaller than the daisy, and the arrangement and orientation of the daisies, leaves and other flowers on both designs is nearly identical. For example, both designs feature a cluster of three leaves just above and slightly to the left of the daisy, and four white daisies clustered below. The number, size, and orientation of the smaller flowers and leaves is also the same in both designs.

Star's particularized allegations and discussion of the Subject Design's individual, protectable elements that appear on the infringing garments sufficiently identify protectable expression that is alleged to have been appropriated by Wet Seal.

Star seeks protection for its original artistic rendering contained in the Subject Design, and its Complaint properly alleges and demonstrates substantially similarity. So owing, Defendant's motion to dismiss for failure to state a claim must fail.

### V. If necessary, Star can amend the FAC

While there is no authority suggesting that Star fabrics need name every customer to whom it sold the Subject Design, explain what was deposited with the Copyright Office, effectively prepare a summary judgment motion type showing of

substantial similarity, or otherwise meet the unreasonably hight pleading standiard that Wet Seal's motion advocates in order to proceed with its claims, it can do so if this Court somehow finds that its current allegations fail in any respect.

Federal Rule of Civil Procedure 15(a) (2) states that "the Court should freely give leave [to amend] when justice so requires." "Dismissal without leave to amend is improper unless it is clear … that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). The Ninth Circuit has held that Courts must apply this policy with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

As such, Star respectfully requests leave to amend in the event the Court finds the Complaint deficient.

## VI.    Conclusion

Star's FAC is properly pled. So owing, Defendant's motion to dismiss should be denied. In the alternative, Star respectfully requests the opportunity to file an amended pleading to address any perceived deficiencies.

Dated: December 18, 2014                           DONIGER / BURROUGHS

                                                    By:    s/ Stephen M. Doniger
                                                          Stephen M. Doniger, Esq.
                                                          Howard S. Han, Esq.
                                                          Attorneys for Plaintiff