1  Staci Jennifer Riordan, SBN 232659
   Neal J. Gauger, SBN 293161
2  **NIXON PEABODY LLP**
   555 W. Fifth Street, 46th Floor
3  Los Angeles, CA 90013-1010
   Telephone: 213.629.6000
4  Facsimile: 213.629.6001
   sriordan@nixonpeabody.com
5  ngauger@nixonpeabody.com

6  Attorneys for Defendant
   THE WET SEAL, INC.
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 | STAR FABRICS, INC., a California Corporation, | Case No.: 2:14-cv-07163-BRO-SH
12 |                                                | Hon. Beverly Reid O'Connell
13 |                    Plaintiff,                  | **DEFENDANT THE WET SEAL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**
14 |         vs.                                    |
15 | THE WET SEAL, INC., a Delaware Corporation; RW SEVEN, a California Corporation; and DOES 1 through 10, | Date:     January 26, 2015
16 |                                                | Time:     1:30 p.m.
17 |                    Defendants.                 | Ctrm.:    14
18 |                                                | FAC Filed:        Dec. 3, 2014
   |                                                | Discovery Cutoff: None
   |                                                | Trial Date:       None

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

**Table of Contents**

Page

I. INTRODUCTION……………………………………………………………………1

II. PLAINTIFF'S PLEADING IS INSUFFICIENT UNDER *IQBAL* AND *TWOMBLY*……………………………..……………………………...1

III. PLAINTIFF HAS NOT PROVIDED NOTICE OF WHAT WORK WET SEAL HAS ALLEGEDLY INFRINGED……………………..…2

IV. PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD ACCESS………………………………………………………….……..4

    A. Plaintiff Has Not Pled Access By A "Chain of Events"………………………………………………….…..………….4

    B. Plaintiff Has Not Pled Access By "Widespread Dissemination…....…5

    C. The Flower Pattern and The Garment Are Not Strikingly Similar……6

V. PLAINTIFF MUST PLEAD SUBSTANTIAL SIMILARITY, AND IT HAS NOT DONE SO…………………………………………………………..8

VI. CONCLUSION……………………………………………………..…………..9

**TABLE OF AUTHORITIES**

**Page(s)**

*Aliotti v. R. Dakin & Co.*,
 831 F.2d 898 (9th Cir. 1987) .................................................................................. 7

*Apple Computer, Inc. v. Microsoft Corp.*,
 35 F. 3d 1435 (9th Cir. 1994) ................................................................................. 8

*Art Attacks Ink, LLC v. MGA Entertainment Inc.*,
 581 F. 3d 1138 (9th Cir. 2009) ............................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................... 1, 3

*Bissoon-Dath v. Sony Comp. Entm't America Inc.*,
 694 F. Supp. 2d 1071 (N. D. Cal. 2010) ................................................................ 8

*Cavalier v. Random House, Inc.*
 297 F. 3d 815 (9th Cir. 2002) ................................................................................. 8

*Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*,
 606 F.3d 612 (9th Cir. 2010) .................................................................................. 3

*Clegg v. Cult Awareness Network*,
 18 F. 3d 752 (9th Cir. 1994) ................................................................................... 2

*Dumas v. Kipp*,
 90 F. 3d 386 (9th Cir. 1996) ............................................................................... 2, 7

*Funky Films, Inc. v. Time Warner Entertainment, Inc.*
 462 F. 3d 1072 (9th Cir. 2006) ............................................................................... 8

*Iqbal v. Ashcroft*,
 556 U.S. 662 (2009) ......................................................................................... 1, 4, 7

*Jackson v. Carey*,
 353 F. 3d 750 (9th Cir. 2003) ............................................................................. 2, 7

*Jason v. Fonda*,
 698 F. 2d 966 (9th Cir. 1982) ................................................................................. 5

*Kouf v. Walt Disney Pictures & Television,*
    16 F. 3d 1042 (9th Cir. 1994). .................................................................................. 8

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.,*
    676 F. 3d 841 (9th Cir. 2012) ............................................................................... 3, 6

*Litchfield v. Spielberg,*
    736 F.2d 1352 (9th Cir. 1984) ................................................................................. 7

*Lopez v. Smith,*
    203 F. 3d 1122 (9th Cir. 2000) ............................................................................ 2, 7

*Reed Elsevier, Inc. v. Muchnick,*
    559 U.S. 154, 130 S.Ct. 1237 (2010) ...................................................................... 3

*Rice v. Fox Broad. Co.,*
    330 F. 3d 1170 (9th Cir. 2003) ............................................................................ 5, 6

*Zella v. The E.W. Scripps Co.,*
    529 F. Supp. 2d 1124 (C. D. Cal. 2007) ................................................................. 2

**FEDERAL STATUTES**

17 U.S.C. § 410(c) ........................................................................................................ 6

**RULES**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The purpose of Rule 12(b)(6) is to weed out underserving complaints before the parties engage in expensive discovery. This is especially true in copyright actions, which lend themselves readily to abusive litigation. Nevertheless, Plaintiff once again argues that it is not bound by the high pleading bar set by *Bell Atlantic Corp. v. Twombly* and *Iqbal v. Ashcroft*, as neither case is cited in the Opposition.

Despite Plaintiff's contentions otherwise, *Iqbal* and *Twombly* provide immutable pleading requirements that Plaintiff has now twice failed to meet. 550 U.S. 544, 555-559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("*Twombly*"); 556 U.S. 662, 667-68 (2009) ("*Iqbal*").

Given the prevalence of floral patterns in the public domain and the fact the designs at issue are not strikingly similar, the FAC must contain sufficient facts supporting the allegations of access. Even though the Court gave Plaintiff a second chance to plead facts supporting its claim, Plaintiff once again failed.

If Plaintiff had sufficient factual allegations, it would have made them. Thus, Wet Seal respectfully requests that Plaintiff not be given a third chance at pleading. Accordingly, Wet Seal requests that the Court dismiss Plaintiff's FAC with prejudice.

## II. PLAINTIFF'S PLEADING IS INSUFFICIENT UNDER *IQBAL* AND *TWOMBLY*.

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal,* 556 U.S. at 667-68; *Twombly*, 550 U.S. at 557. Unsupported legal conclusions, as presented in the FAC and repeated again in the Opposition, may not be accepted as true, and do not establish a plausible claim for relief. *Iqbal*, 556 U.S. at 677-78. Even where some facts are alleged in the plaintiff's pleading, a court "is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts

alleged." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994); *Zella v. The E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1127-28 (C. D. Cal. 2007).

When amendment of a complaint would be futile, dismissal should be ordered with prejudice. *Dumas v. Kipp*, 90 F. 3d 386, 393 (9th Cir. 1996); *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000); *Jackson v. Carey*, 353 F. 3d 750, 758 (9th Cir. 2003). Plaintiff's refusal to provide sufficient factual support for its FAC indicates that such facts do not exist. Accordingly, its FAC should be dismissed with prejudice.

## III.  PLAINTIFF HAS NOT PROVIDED NOTICE OF WHAT WORK WET SEAL HAS ALLEGEDLY INFRINGED

Wet Seal acknowledges that Plaintiff has copyright registrations protecting works; in fact, it has nearly 4,000 of them. Declaration of Staci Jennifer Riordan ("Riordan Decl.") ¶ 2, Exhibit A. Wet Seal also acknowledges that copyright registrations made within five years after first publication are presumed valid. 17 USC § 410(c).

A printout from the Copyright Office website is not the same as a copyright registration certificate, nor does it contain the same information. While Wet Seal has uncovered a potentially-related website printout, the printout does not provide sufficient facts to provide notice of *what* copyrightable expression registration number VA0001632960 allegedly covers.

A closer inspection of the online records relating to registration number VA0001632960 only further clouds what, if any work, is protected by Plaintiff's alleged registration.

First, the website record for registration number VA0001632960 indicates that the "type of work" registered under that number is "Not Found." Riordan Decl. ¶ 3, Exhibit B. Second, no deposit materials for registration number VA0001632960 are available through the website. *Id.* Third, the U.S. Copyright Office website record indicates that the work contained therein also appears in "DESIREE," which,

1  uncontested by Plaintiff, is an apparently separate publication and/or collection of
2  works. *Id.* Accordingly, it is unclear whether the work contained within Plaintiff's
3  copyright registration is a partially or entirely unprotectable derivative of the
4  "DESIREE" publication and/or collection.

5  Plaintiff could have easily rebutted Wet Seal's arguments in its Motion to
6  Dismiss ("Motion") by attaching a copy of the Copyright Certificate alleged at issue
7  and the deposit materials therein to its Opposition, but it chose not to do so.

8  In light of Plaintiff's silence, the previously-undisclosed "DESIREE"
9  publication, its failure to identify the protectable elements of "60673," and the
10 existence of judicially-noticed public domain prints that pre-exist VA0001632960,
11 Wet Seal is left to conclude that Plaintiff does not have sufficient facts within its
12 possession to cure the lack of notice contained in the FAC.

13 In the Opposition, Plaintiff characterizes Wet Seal's Motion as insisting that
14 Plaintiff "definitely answer[] all conceivable questions concerning Plaintiff's
15 registration and the creation of the 60673 design." Opposition ("Opp."), p. 3.
16 Plaintiff misunderstands Wet Seal's argument. Wet Seal contends that the FAC is
17 defective as it fails to plead sufficient facts to give Wet Seal notice of what Plaintiff
18 contends are the protectable, and thus validly copyrightable, elements of the 60673
19 design. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166, 130 S.Ct. 1237 (2010);
20 *Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F. 3d 612, 615 (9th Cir. 2010);
21 *L.A. Printex Industries, Inc. v. Aeropostale, Inc.,* 676 F. 3d 841, 852 (9th Cir. 2012).

22 As stated previously, Wet Seal is not required to guess as to what work is
23 covered by Plaintiff's claimed copyright, whether the claimed copyright over
24 "60673" relates to the Flower Pattern, and what, exactly, Wet Seal has allegedly
25 infringed. *Twombly, 550 U. S. at 555*. Thus, the FAC must be dismissed with
26 prejudice as it fails to offer "fair notice of a legally cognizable claim and the grounds
27 upon which the claim rests." *Id.*
28 *//*

## IV. PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD ACCESS

In the Opposition, Plaintiff contends it has properly pled Wet Seal's access to the Flower Pattern in three ways: a "chain of access," "widespread dissemination," and "striking similarity."[1] Plaintiff is incorrect.

As discussed below, Plaintiff has fallen short of meeting the requirements to establish each of these methods of access.

### A. Plaintiff Has Not Pled Access By A "Chain of Events"

As discussed more fully in the Motion, the FAC, like the Complaint, fails to plead access by a "chain of events," despite the Order requiring Plaintiff to plead concrete facts specifically linking The Wet Seal to the Flower Pattern. Order at 6.

The Opposition attempts to cure this defect by arguing that Star Fabric had a "business relationship" with two alleged vendors of Wet Seal – Poetry Corp. and D.I. Limited[2] – during the eight-year time period when the Flower Pattern was sold.

Plaintiff then argues, without any factual support, that sometime during those eight years, Poetry and/or DI Limited *could have seen* the Flower Pattern. This unsubstantiated statement is mere speculation, and it is prohibited by *Iqbal*. *See* 556 U.S. at 677-78; 4 NIMMER ON COPYRIGHT § 13.02[A] (2013).

The FAC is devoid of any allegations that Plaintiff sold the Flower Pattern to either Poetry or DI Limited or that Poetry or DI had direct access to the Flower Pattern in any manner. The FAC is also devoid of any allegations that RW Seven, a co-defendant in this case, had direct access to the Flower Pattern.

As stated above, Plaintiff could have easily cured the defects in pleading this first step of the chain by attaching invoices showing that the Flower Pattern was actually sold or sampled to Poetry, DI and/or RW Seven. Plaintiff, however, failed to

---

[1] Plaintiff does not dispute Wet Seal's contention that the FAC fails to plead direct access.

[2] With respect to D.I., they are not a vendor of Wet Seal at all; Wet Seal had never heard of D.I. prior to being served with the FAC. Riordan Decl. ¶ 4.

do this, leaving only one conclusion – such invoices do not exist, because the Flower Pattern was *not* sold or sampled to Poetry, DI or RW Seven.

Plaintiff has now twice "fail[ed] to allege any concrete facts specifically linking Wet Seal to the [Flower Pattern]," and it apparently cannot substantiate that any "chain" exists. Thus, the FAC should be dismissed with prejudice. Order, p. 6.

### B. Plaintiff Has Not Pled Access By "Widespread Dissemination"

As discussed extensively in the Motion and incorporated herein, Plaintiff fails to adequately allege access by widespread dissemination. *Art Attacks Ink, LLC v. MGA Entertainment Inc.*, 581 F. 3d 1138, 1144-45 (9th Cir. 2009) (sales of t-shirt over the Internet and at county fair where millions attended was not wide spread dissemination); *Rice v. Fox Broad. Co.*, 330 F. 3d 1170, 1178 (9th Cir. 2003) (19,000 videos sold over a 13- year period was not wide spread dissemination); *Jason v. Fonda*, 526 F. Supp. 774, 776 (C.D. Cal. 1982) (2,000 copies of books sold nationwide with 700 units sold in California did not create more than a bare possibility of access).

Plaintiff has also ignored the Court's holding that it is required to provide facts quantifying the Flower Pattern's dissemination. Instead, without supporting evidence or context, the FAC alleges that 65,000 yards of the Flower Pattern were sold. FAC ¶ 10.

As discussed in the Motion, this statement alone is insufficient, as it fails to provide context and quantification as to the time period and location of the alleged sales. Plaintiff's "60673" pattern was allegedly created in 2007 and copyrighted in January of 2008; it has been available for sampling and sale for over eight years.

By failing to allege the time period when the fabric containing the "60673" pattern was sold, where the fabric was sold, to whom the fabric was sold, at what price point, and in what quantity, Plaintiff again failed to plead facts that the Flower Pattern was widely disseminated. If Plaintiff had such facts, it would have pled them.

Nevertheless, the Opposition contends that Ninth Circuit authority – specifically, *L.A. Printex* – supports its conclusion that mere allegations of the amount of product sold, without more, is enough to properly plead widespread dissemination. 676 F. 3d at 852. Once again, Plaintiff is wrong.

In *L.A. Printex*,[3] in order to hold that a genuine issue of fact existed as to whether the fabric at issue was widely disseminated, the court relied upon the plaintiff's evidence of ***detailed invoices*** showing "the date, invoice number, brief description, customer name, quantity, and dollar amount" of the plaintiff's sales during a discrete "four-year period immediately preceding" the defendant's alleged infringement. Id. It is evident that, at minimum, *L.A. Printex* requires allegations of temporal and geographic context, among other factual support, in order to determine whether there is access via widespread dissemination. Id. Plaintiff has not come anywhere near the level of detail required by *L.A. Printex* in its allegations – the FAC fails to plead where, to whom, and over what time period any alleged sales or samples took place. FAC ¶ 10.

Here, Plaintiff seems to have picked a number out of thin air in an attempt to rely on *L.A. Printex*'s 50,000-yard benchmark. In doing so, however, Plaintiff has only emphasized the deficiencies in its own pleading. Plaintiff again fails to plead access by widespread dissemination, and the FAC must be dismissed with prejudice.

### C. The Flower Pattern and The Garment Are Not Strikingly Similar

The Opposition further attempts to plead access by arguing that that the works at issue are strikingly similar, and that the Court should therefore presume access. Opp. p. 6-7. For a third time, Plaintiff is mistaken. Under the "inverse ratio rule," where a defendant ***concedes*** access, a plaintiff's burden of proving substantial similarity is lessened.[4] *Rice v. Fox Broad. Co.*, 330 F. 3d at 1178 (noting

---

[3] Notably, *L.A. Printex* was not discussing pleading standards, but instead summary judgment standards. 676 F. 3d at 841.

[4] Wet Seal posits that it is further improper to rely on the inverse ratio rule on a motion to dismiss, which focuses on the sufficiency of pleading, not proving.

1 "concession of access by the defendant"). Far from conceding access, Defendants have shown above, as well as in the Motion, that Plaintiff has not pled it. Thus, the inverse ratio rule does not apply. *Id.*

Indeed, even if the inverse ratio rule did apply, this Court has already found that the Flower Pattern and the Garment are not strikingly similar, and that "distinct differences" exist between them. Order, p. 11. In doing so, this Court recognized that "the[] possibility of independent creation is particularly acute in light of the prevalence of floral patterns in the public domain" pre-dating the Flower Pattern, including but not limited to the judicially noticed fabric designs from *Florals: Graphical Flower Designs, Vol. 1 and Vol. 2*. *Id.* Furthermore, in determining that the Flower Pattern and Garment are not strikingly similar, the Court has recognized "the[] possibility of independent creation" for the Garment. *Id.*

Plaintiff challenges the Court as to this finding, accusing it of undertaking an improper "dissection of dissimilarities." *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987). This is not so. As plainly stated in the Court's Order, the Court found holistic differences between the Flower Pattern and the Garment with respect to "the color scheme, saturation, and intensity of the two designs." Order at 10. These findings (including, for example, that "the leaf and flower depictions are much more muted" in the Garment) address "the total concept and feel of the works," rather than the piece-meal approach that Plaintiff believes has occurred. *Id.*; *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984). This Court's finding that the Flower Pattern and the Garment are not strikingly similar is both well-grounded and already established in this matter. Plaintiff cannot prove access through this theory.

Neither direct access, nor a "chain of events," nor "widespread dissemination," nor "striking similarity" have been or can be sufficiently pled by Plaintiff. Further amendment is futile, and the FAC must be dismissed with prejudice. *Iqbal*, U.S. at 677-78; *Dumas*, 90 F. 3d at 393; *Lopez*, 203 F. 3d at 1127; *Jackson*, 353 F. 3d at 758.

## V. PLAINTIFF MUST PLEAD SUBSTANTIAL SIMILARITY, AND IT HAS NOT DONE SO

It is undisputed by both parties that the Court is not bound by the allegations in the FAC in analyzing substantial similarity as a matter of law. *See Cavalier v. Random House, Inc.*, 297 F. 3d 815, 822 (9th Cir. 2002); *see also Kouf v. Walt Disney Pictures & Television*, 16 F. 3d 1042, 1045 (9th Cir. 1994). Moreover, the inquiry into whether substantial similarity exists as a matter of law is entirely separate from whether Plaintiff has properly ***pled*** substantial similarity.

As with the Complaint, the FAC's allegations as to substantial similarity are insufficient: Plaintiff is required and has failed to (1) identify the protectable elements of its work; and (2) plead "the *source(s)* of the alleged similarity between his work and the defendant's work." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F. 3d 1435, 1443 (9th Cir. 1994) (emphasis original); *Funky Films, Inc. v. Time Warner Entertainment, Inc.* 462 F. 3d 1072, 1077 (9th Cir. 2006). Any allegation of similarity must be of protected elements, not unprotectable elements or ideas in the public domain. *Bissoon-Dath v. Sony Comp. Entm't America Inc.*, 694 F. Supp. 2d 1071, 1079 (N. D. Cal. 2010), *aff'd and adopted by* 653 F. 3d 898 (9th Cir. 2011) (published without opinion).

Plaintiff does not bother with parsing between protectable and unprotectable elements. Instead, the Opposition appears to be arguing that the Flower Pattern consists entirely of protectable elements. This cannot be the case given the findings in the Order, the existence of prior public domain floral artwork, and the possibility that this pattern is derivative artwork, as discussed in Section III, supra.[5] Nor does Plaintiff properly plead the "sources of the alleged similarity" between the Flower Pattern and the Garment.

---

[5] Rights in derivative works only extend to new, original, and protectable elements not contained in the original work. 1 NIMMER ON COPYRIGHT § 3.04 (2013).

Plaintiff is not excused from complying with the required pleading standards. Thus, as Plaintiff has once again failed to properly plead substantial similarity, the FAC is defective, and it should be dismissed with prejudice.

## VI. CONCLUSION

Plaintiff has now filed a Complaint, a FAC, and two Oppositions to motions to dismiss. Despite these four opportunities to educate the Court, provide notice to Wet Seal, and properly plead its case, it has not done so.

Remarkably, Plaintiff claims in the Opposition that, if it wanted to, it ***could*** take further measures to properly plead its case, including identification of the deposit materials provided to the U.S. Copyright Office, identification of specific customers to whom it sold the Flower Pattern, and an appropriate notice pleading as to substantial similarity between the Flower Pattern and the Garment. Opp. p., 9-10. Wet Seal must ask once more: If Plaintiff admits that it could plead properly, why has it not done so? Plaintiff's puffery hides the evident truth – sufficient facts do not exist to sufficiently plead Plaintiff's case, and further leave to amend is futile.

Accordingly, due to the irreparable defects in Plaintiff's pleading, Wet Seal respectfully requests that Plaintiff's FAC be dismissed in its entirety, with prejudice.

Dated: January 12, 2015         NIXON PEABODY LLP

By */s/ Staci Jennifer Riordan*
Staci Jennifer Riordan
Neal J. Gauger
Attorneys for Defendant
THE WET SEAL, INC.